IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00079 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NAEEM J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT NAEEM J. WILLIAMS' MOTION FOR
RECONSIDERATION OF ORDER ISSUED ON FEBRUARY 13, 2007 GRANTING
IN PART AND DENYING IN PART MOTIONS TO SEAL ALL OR PORTIONS
OF DEFENDANT DELILAH S. WILLIAMS' PLEA AGREEMENT [DOC. 224]

Before the Court is Defendant Naeem J. Williams' ("Mr. Williams") Motion for Reconsideration of Order Issued on February 13, 2007 Granting in Part and Denying in Part Motions to Seal All or Portions of Defendant Delilah S. Williams' Plea Agreement [Doc. 224] ("Motion for Reconsideration"), filed February 22, 2007.  Gannett Pacific Corporation, doing business as the Honolulu Advertiser ("the Advertiser"), filed a memorandum in opposition on March 5, 2007 and the United States of America ("the Government") filed a response to the Motion for Reconsideration on March 9, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant case law,

Mr. Williams' Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background in this case.  This Court will therefore only address the events that are relevant to the instant Motion for Reconsideration.

On October 12, 2006, the grand jury issued a four-count First Superceding Indictment against Mr. Williams and Delilah S. Williams ("Mrs. Williams").  On October 26, 2006, the Government filed its amended notice its intent to seek the death penalty against Mr. Williams.  Mrs. Williams subsequently reached a plea agreement with the Government.

At a December 6, 2006 hearing, Mrs. Williams withdrew her prior plea of not guilty and entered a plea of guilty as to Count 2 of the First Superseding Indictment, charging her with first-degree felony murder.  This Court temporarily filed the Memorandum of Plea Agreement under seal and instructed the parties to file a redacted version and to file any motions to seal the plea agreement by December 13, 2006.  The following motions were all filed on December 13, 2006: the Government's Motion to Keep Subparagraphs 8(e) through 8(t) of Defendant Delilah Williams's Plea Agreement Filed under Seal; Mrs. Williams' Motion to Temporarily Seal Paragraph 8 of Her Plea

Agreement; and Mr. Williams' Motion to Maintain Paragraph 8 of Delilah Williams' Plea Agreement under Seal (collectively "Motions to Seal").  The district judge accepted Mrs. Williams' guilty plea on December 21, 2006.  The district judge has a set a hearing regarding Mrs. Williams' plea agreement for July 5, 2007.  Mr. Williams' trial is currently set for October 16, 2007.

On February 13, 2007, this Court issued its Order Granting in Part and Denying in Part Motions to Seal All or Portions of Defendant Delilah S. Williams' Plea Agreement ("Order").  This Court ruled as follows:

> A.   The Government shall file the contents of subparagraphs 8(a) through 8(c), by February 24, 2007, at 9:30 a.m.
> B.   The remaining portions of paragraph 8 shall remain under seal until the district judge accepts Mrs. Williams' plea agreement.
> C.   Once the district judge accepts Mrs. Williams' plea agreement, the Government shall file a redacted version of the plea agreement as described above within five minutes of this acceptance.
> D.   Once Mrs. Williams takes the stand to testify at Mr. Williams' trial, the Government shall file an unredacted version of Mrs. Williams' plea agreement no later than sixty minutes after she commences her testimony.  If Mrs. Williams does not testify at Mr. Williams' trial, *i.e.* if he pleads guilty and proceeds directly to the penalty phase, the Government shall file the unredacted version of Mrs. Williams' plea agreement within thirty minutes after Mr. Williams' plea is accepted by the district judge.
> E.   If the district judge does not accept Mrs. Williams' plea agreement and she elects to go to trial, the remaining portions of paragraph 8 shall remain under seal until the conclusion of Mrs. Williams' trial.  If Mrs. Williams' trial

>concludes before Mr. Williams' trial, the procedures in paragraphs C and D shall apply.

[Order at 25-26.]

Mr. Williams seeks reconsideration of the Order on the ground that it contains manifest errors of law.  He argues that the Order is premature insofar as it is based on events that may happen and rulings that the district judge may make in the future.  He also argues that the Order does not address all of the potential issues that may arise.  As an example, Mr. Williams cites the issue whether the district judge would authorize the unsealing of Mrs. Williams' unredacted plea agreement if she does not testify at his trial.  Mr. Williams argues that this Court does not know how the district judge would rule on certain evidentiary issues with regard to the plea agreement in that circumstance.  If Mr. Williams pleads guilty and is still subject to a penalty trial, the district judge may not have the opportunity to modify the Order before the release of the unredacted plea agreement.  Mr. Williams also argues that the Order does not address the fact that some of the allegations in Mrs. Williams' plea agreement may be proven to be incorrect and that, even if she does testify at his trial, the district judge may conclude that portions of her plea agreement are inadmissable.  Further, Mr. Williams asserts that the Order erroneously gives more protection to Mrs. Williams' right to a fair trial than to his right to a fair trial.

Mr. Williams argues that this Court should modify the Order so that the district court does not release the unredacted plea agreement until after Mrs. Williams testifies. In the alternative, he argues that the Court should modify the Order to reflect that future developments in the case may require reconsideration of the Order.

In its memorandum in opposition, the Advertiser argues that the Order is not based on a manifest error of law. The Advertiser contends that Mr. Williams merely raises hypothetical situations which would raise additional concerns about the release of Mrs. Williams' plea agreement and that these do not rise to the level of manifest errors of law.

In its response to the Motion for Reconsideration, the Government states that it agrees with Mr. Williams that, in the event that he pleads guilty and the district judge rules Mrs. Williams' plea agreement inadmissible in his penalty trial, the release of Mrs. Williams' unredacted plea agreement would be fundamentally unfair to him. In that case, the Government contends that the district court should not release her unredacted plea agreement until after the completion of the penalty trial. The Government, however, argues that, if her plea agreement is admissible at the penalty trial, the district court should release it almost immediately after Mr. Williams pleads guilty. The Government proposes that this Court reserve ruling

5

on this issue until after the district judge decides whether or not to accept Mrs. Williams' plea agreement. If the district judge accepts it, the parties can then litigate the admissibility of her plea agreement in the event that Mr. Williams pleads guilty.

### **DISCUSSION**

The district court has identified three bases for reconsideration of interlocutory orders:

>    (a) Discovery of new material facts not previously available;
>    (b) Intervening change in law;
>    (c) Manifest error of law or fact.

Local Rule LR60.1. Local Rule 60.1 also applies to motions for reconsideration in criminal cases. See United States v. Shi, 396 F. Supp. 2d 1132, 1137 (D. Hawai`i 2003) (citing Local Rule CrimLR12.3 (stating that "[t]he local rules pertaining to civil motions are applicable to motions in criminal cases")). This Court filed the Order on February 13, 2007, and Mr. Williams filed the Motion for Reconsideration on February 22, 2007. Thus, Mr. Williams' Motion for Reconsideration, which alleges manifest errors of law, was timely filed. See Local Rule LR60.1 ("Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.").

Mr. Williams first argues that the Order was premature because its addressed circumstances that were not before this

Court.  It was necessary for this Court to do so because the Advertiser had filed a motion to intervene in this case to argue that the public has a contemporaneous right of access to criminal proceedings as they occur and to judicial records, including plea agreements, as they are filed.  This Court ultimately denied the motion to intervene but allowed the Advertiser to file an opposition to the Motions to Seal as an interested party.  For the sake of judicial economy, this Court fashioned the Order to address the terms of the plea agreement's release in the event of various possible events in this case.  Mr. Williams apparently disagrees with this Court's decision to do so and would have the Court revisit the public access issue after each event transpired.  The fact that a party disagrees with a court's order does not establish a manifest error of law.  See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988))).

      Mr. Williams' primary argument is that the Order contains manifest errors of law because it does not adequately account for all of the future events and rulings that may occur in this case. He is correct.  This Court does not possess the prophetic abilities of Cassandra.  The Order, however, does account for various procedural outcomes that may arise.  Further,

7

in the event that a situation arises which is not addressed in the Order, either this Court or the district judge can issue a stay of the Order so that the parties can address the matter and this Court or the district judge can determine whether the release of the unredacted plea agreement is appropriate under those circumstances. Insofar as the Order does account for future events and rulings, Mr. Williams' Motion for Reconsideration merely disagrees with the manner in which the Order does so. This does not constitute a manifest error of law.

Finally, Mr. Williams argues that the Order contains manifest errors of law because it gives greater protection to Mrs. Williams' right to a fair trial than it does to his right to a fair trial. Mr. Williams presumably makes this argument because this Court ordered different terms for the release of Mrs. Williams' plea agreement if both she and Mr. Williams go to trial than if only Mr. Williams goes to trial. These differences, however, merely account for the fact that the plea agreement contains Mrs. Williams' statements and there is greater likelihood of prejudice if the jurors in her trial know about her statements, which the Government would be prohibited from using against her. The Order does not give Mrs. Williams' right to a fair trial greater protection than Mr. Williams' right to a fair trial. Mr. Williams merely disagrees with this Court's rulings concerning the terms of the release of Mrs. Williams' unredacted

plea agreement and, as stated previously, mere disagreement with a court's order does not constitute a manifest error of law.

This Court therefore finds that reconsideration of the Order is not warranted.

## **CONCLUSION**

On the basis of the foregoing, Mr. Williams' Motion for Reconsideration of Order Issued on February 13, 2007 Granting in Part and Denying in Part Motions to Seal All or Portions of Defendant Delilah S. Williams' Plea Agreement [Doc. 224], filed February 22, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 30, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**U.S.A. V. NAEEM WILLIAMS; CR. NO. 06-00079 DAE-LEK; ORDER DENYING DEFENDANT NAEEM J. WILLIAMS' MOTION FOR RECONSIDERATION OF ORDER ISSUED ON FEBRUARY 13, 2007 GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL ALL OR PORTIONS OF DEFENDANT DELILAH S. WILLIAMS' PLEA AGREEMENT [DOC 224]**