IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00079 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NAEEM J. WILLIAMS (01) | ) | |
| DELILAH S. WILLIAMS (02), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT NAEEM J. WILLIAMS' MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE A PROPER BASIS FOR PROSECUTION BY CIVILIAN AUTHORITIES AND FOR THE EXCLUSIVE JURISDICTION OF THIS COURT; IN THE ALTERNATIVE MOTION TO FORECLOSE USE OF THE DEATH PENALTY <u>FOR FAILURE OF PROPER PROSECUTION</u>

On October 1, 2007, the Court heard Defendant Naeem Williams'

Motion to Dismiss the Superseding Indictment for Failure to Allege a Proper Basis

for Prosecution by Civilian Authorities and for the Exclusive Jurisdiction of this

Court; in the Alternative Motion to Foreclose Use of the Death Penalty for Failure

of Proper Prosecution. Marshall H. Silverberg, Assistant U.S. Attorney, and J.

Richard Broughton, Attorney for the Department of Justice, appeared at the

hearing on behalf of Plaintiff; David Klein, Esq., and John T. Philipsborn, Esq.,

appeared at the hearing on behalf of Defendant Naeem Williams.  After reviewing the motion and the supporting and opposing memoranda, the Court DENIES the motion.

## BACKGROUND

On October 12, 2006, the grand jury issued a First Superseding Indictment ("Indictment") against Defendant Naeem Williams ("Defendant Naeem") and Defendant Delilah Williams ("Defendant Delilah").  The Indictment charges Defendant Naeem with three counts arising out of his role in allegedly beating and killing his then five-year old daughter.  In Count 1, Defendant Naeem is charged alone with first degree felony murder, in violation of 18 U.S.C. §§ 7 and 1111.  The Indictment alleges that on July 16, 2005, Defendant Naeem, with malice aforethought, allegedly unlawfully killed a child, T.E.W., in the perpetration of child abuse, at Wheeler Army Airfield Military Housing.

Count 2 charges both Defendants Naeem and Delilah with first degree felony murder, in violation of 18 U.S.C. §§ 7 and 1111, in that they, with malice aforethought, allegedly unlawfully killed a child, T.E.W., as part of a "pattern and practice of assault and torture" against a child within the meaning of 18 U.S.C.

§ 1111(c). The course of conduct allegedly occurred between at least December 13, 2004, and culminated in the death of T.E.W. on July 16, 2005. Delilah Williams has pled guilty and is awaiting sentencing.

These counts allege federal jurisdiction because the crimes occurred on Wheeler Army Air Field military housing, which is within the special maritime and territorial jurisdiction of the United States, pursuant to 18 U.S.C. §§ 1111(b) and 7(3).

On July 31, 2007, Defendant filed a Motion to Dismiss the Superseding Indictment for Failure to Allege a Proper Basis for Prosecution by Civilian Authorities and for the Exclusive Jurisdiction of this Court (Doc. # 325). On September 24, 2007, the Government filed an opposition. After the hearing on October 1, 2007, Defendant filed a reply brief on October 9, 2007, and the Government filed two declarations in support of their opposition on October 22, 2007.

## DISCUSSION

Defendant Naeem argues that the indictment should be dismissed because the U.S. Attorney's Office for the District of Hawaii should have declined jurisdiction over him in favor of the Department of Defense bringing the case in military court under violations of the Uniform Code of Military Justice, or the State

of Hawaii brining charges in State court.  Defendant Naeem also argues that the death penalty should not be applied because it undermines the sovereignty of the State of Hawaii and the operation of the Uniform Code of Military Justice ("UCMJ").

The jurisdictional basis for this Court is set forth in 18 U.S.C. § 1111(b).  Section 1111 provides that whoever is guilty of murder in the first degree, which includes murder committed in the perpetration of child abuse, or perpetrated as part of a pattern or practice of assault or torture against a child, "within the special maritime and territorial jurisdiction of the United States," shall be punished by death or by imprisonment for life.  18 U.S.C. 1111(a) and (b).

The term "special maritime and territorial jurisdiction of the United States" includes:

> Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

18 U.S.C. § 7(3).

Here, the Indictment alleges that the offenses occurred within the special maritime and territorial jurisdiction of the United States, to wit, Wheeler

Army Air Field military housing and both counts 1 and 2 cite to 18 U.S.C. §§ 1111 and 7(3).  There is no dispute that the military housing on Wheeler Army Air Field is part of lands reserved for the use of the United States.  Thus, this Court clearly has jurisdiction over this case.

Defendant Naeem's arguments that the military tribunal has preferential jurisdiction and that the U.S. Attorney's Office should have deferred to them, has already been rejected by the Ninth Circuit.  In Peek v. United States, 321 F.2d 934 (9th Cir. 1963), a soldier and his wife were charged with a robbery, which occurred on a military base.  The defendant argued that the district court did not have jurisdiction to try him because Congress vested primary or "preferential" jurisdiction in the military tribunals.  Id. at 936.  The Ninth Circuit rejected that argument, finding that it need not determine whether a military tribunal has either exclusive, primary, preferential, or concurrent jurisdiction.  The Ninth Circuit noted that although a military tribunal would have jurisdiction, the crimes charged were offenses against the United States and thus, the district courts had original jurisdiction.  Id. (citing 18 U.S.C. § 3231).  The Ninth Circuit also examined the UCMJ and held that:

> Article 14(a) [of the UCMJ] does not establish, or even indicate, a hierarchy of jurisdiction as between civil and military authorities.  It merely provides, that, upon request, a member of the armed forces who is accused of

5

> an offense against civil authority may be delivered to the civil authority for trial. If the civil authority had jurisdiction and the member of the armed forces was delivered to that authority, jurisdiction in the civil authority is established.

Id. at 937.

Thus, where a solider commits a crime that violates Title 18 of the United States Code, as alleged here, the Department of Justice can certainly prosecute that soldier in the United States District Court. The fact that the solider may have also violated the UCMJ, or state laws, does not remove this Court's jurisdiction. It means only that the State may likewise prosecute the soldier for violations of its laws.

Although the Department of Defense could have prosecuted Defendant Naeem, the Department of Defense does not have the power to bring charges against civilians under the UCMJ for their offenses. Reid v. Covert, 354 U.S. 1, 40-41 (1957) ("Constitution courts of law alone are given power to try civilians for their offenses against the United States."). As the charges here were brought both against a soldier and a civilian, the Department of Defense could not have bought all charges.

Furthermore, Defendants are charged with federal crimes.  Although State prosecutors could have charged Defendants with the murder of T.E.W. and Defendant Naeem would not face the death penalty in State court, State prosecutors could not have prosecuted Defendants in State court for violations of this federal crime under this statute, because district courts have exclusive jurisdiction over federal crimes.  <u>Peek</u>, 321 F.2d at 936 ("The district courts have 'original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States'.") (quoting 18 U.S.C. § 3231).  Therefore, the Department of Justice is the only entity that could have prosecuted both a soldier and a civilian for a violation of this federal statute.

Moreover, the fact that the State of Hawaii or UMCJ do not provide for a death penalty does not mean that the Department of Justice should not have brought the instant case and sought the death penalty.[1]  Congress has authorized child-abuse murder as an act punishable by the death penalty and the Department of Justice has broad discretion to enforce that law.  Indeed, the Supreme Court has held that:

---

[1]This Court does not believe that Defendant Naeem is making a selective prosecution claim and thus will not address that issue here.

> The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to take Care that the Laws be faithfully executed. As a result, the presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

United States v. Armstrong, 517 U.S. 456, 464 (1996) (internal quotation marks, brackets, and citations omitted).

Here, there is no indication that the United States Attorney's Office for the District of Hawaii did not have probable cause to believe Defendants committed the offenses. Indeed, the grand jury returned the Indictment, thus finding the probable cause necessary for the alleged offenses. Instead, it appears that the United States Attorney's Office made a very logical decision to seek to indict both Naeem and Delilah Williams for the felony murder of five-year-old T.E.W. Defendant Naeem completely ignores these fundamental principles of

prosecutorial discretion. Through his argument, Defendant Naeem is essentially trying to find a forum in which he would not face the death penalty.

After the hearing in this case, in which this Court indicated its inclination to deny this motion, Defendant Naeem filed his reply brief. In his reply brief, Defendant Naeem states that if this Court denies his motion, this Court should issue an order allowing him to use the fact that the State of Hawaii does not have a death penalty as a factor in mitigation during the sentencing phase of this case. This Court will not make such a ruling at this time. First, such a request is premature as this Court does not know whether there will be a sentencing phase in this case. Second, since Defendant Naeem made this request in his reply brief, the Government did not have an opportunity to respond and present its arguments on whether or not Hawaii's lack of a death penalty could be used as a mitigating factor at sentencing.

Accordingly, Defendant Naeem's motion is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant Naeem Williams' Motion to Dismiss the Superseding Indictment for Failure to Allege a Proper Basis for Prosecution by Civilian Authorities and for the Exclusive

Jurisdiction of this Court; in the Alternative Motion to Foreclose Use of the Death Penalty for Failure of Proper Prosecution.

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, October 22, 2007.

                _____
                David Alan Ezra
                United States District Judge

United States v. Williams, et al., Cr. 06-00079 DAE-LEK; ORDER DENYING DEFENDANT NAEEM J. WILLIAMS' MOTION TO DISMISS THE SUPERSEDING INDICTMENT FOR FAILURE TO ALLEGE A PROPER BASIS FOR PROSECUTION BY CIVILIAN AUTHORITIES AND FOR THE EXCLUSIVE JURISDICTION OF THIS COURT; IN THE ALTERNATIVE MOTION TO FORECLOSE USE OF THE DEATH PENALTY FOR FAILURE OF PROPER PROSECUTION