IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00079 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NAEEM J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT NAEEM J. WILLIAMS' MOTION
FOR ORDER PERMITTING NAEEM J. WILLIAMS' DEFENSE COUNSEL
AND AN INVESTIGATOR TO INTERVIEW DELILAH WILLIAMS AND
GRANTING DEFENDANT DELILAH S. WILLIAMS' MOTION SEEKING
<u>SPECIFIC PERFORMANCE OF PLEA AGREEMENT AND TO PREVENT DEPOSITION</u>**

Before the Court is Defendant Naeem J. Williams' ("Naeem") Motion for Order Permitting Naeem J. Williams' Defense Counsel and an Investigator to Interview Delilah Williams ("Motion to Interview"), filed on November 9, 2007, and Defendant Delilah S. Williams' ("Delilah") Motion Seeking Specific Performance of Plea Agreement and to Prevent Deposition ("Motion to Prevent Deposition"), filed January 4, 2008.  These matters came on for hearing on February 25, 2008.  Marshall Silverberg, Assistant United States Attorney, and Keirsten Kennedy, Special Assistant United States Attorney appeared on behalf of Plaintiff United States of America ("the Government").  David Klein, Esq., and John Phillipsborn, Esq., appeared on behalf of Naeem, who was present.  Alexander Silvert, Esq., appeared on behalf of Delilah,

who was also present.  After careful consideration of the motions, supporting and opposing memoranda, and the arguments of counsel, Naeem's Motion to Interview is HEREBY DENIED and Delilah's Motion to Prevent Deposition is HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

I. **Motion to Interview**

Naeem seeks to interview Delilah to obtain information in preparation for his defense in both the guilt phase of trial and the penalty hearing.  Delilah's plea agreement requires her to be available for questioning by law enforcement and representatives of the United States Attorney's Office at any reasonable time, but she has refused to submit to an interview by Naeem's counsel.  Naeem asked the Government to assist in obtaining Delilah's cooperation.  Although the Government did not object to the interview, it deferred to Delilah's counsel.

The Government has conducted interviews with Delilah and has provided some materials from those interviews to Naeem. Naeem, however, argues that the Government's interviews are insufficient for his needs because: 1) the Government interviews emphasized crime facts, not penalty or mitigation evidence; 2) there were limited references to the injuries which Delilah acknowledges causing T.E.W.; and 3) there were limited references to Delilah's pre-arrest statements about her relationship with

2

Naeem and T.E.W.  Naeem argues that, because Delilah's plea agreement requires her to be available to the Government, there would be an "asymmetry between the prosecution and defense in this death penalty case" if she is not also made available to Naeem.  [Mem. in Supp. of Motion to Interview at 3.]  In the alternative, Naeem argues that, because Delilah is a cooperating witness who is unavailable to the defense, the Court should apply case law regarding confidential informants.  Under Ninth Circuit law, the prosecution must make reasonable attempts to produce an informant upon the defense's request.

      The Government filed a response to the Motion to Interview on November 26, 2007.  The Government notes that Delilah's plea agreement neither requires her to meet with the defense nor prohibits her from doing so.  The Government argues that the Motion to Interview seeks an order compelling the Government to require Delilah to submit to a defense interview and Naeem has not identified any case law supporting such an order.  The cases Naeem cites regarding confidential informants are not on point.  They only hold that the prosecution must either schedule a meeting between the defense and the informant or provide the defense with the informant's contact information; they do not compel the informant to submit to the interview.  In the present case, Naeem already knows where Delilah is and the Government has informed the defense that it does not object to

the interview.[1]

The Government notes that, under her plea agreement, if Delilah's testimony at trial is materially different from her statements memorialized in the plea agreement, the Government intends to move to withdraw from the agreement.  If the defense interviews Delilah and she makes materially different statements from those in her plea agreement, the defense may use the interview statements to impeach her at trial and the Government would have grounds to withdraw.  Delilah could then face trial and a mandatory life sentence if convicted.  The situation could become even more problematic if there is a dispute about what Delilah said during her interview with the defense.  Delilah has informed the Government that she is not willing to submit to an interview by the defense.

The Government states that Naeem knows everything that it knows about Delilah's anticipated trial testimony.  The Government provided Naeem with an unredacted copy of Delilah's plea agreement and two FBI reports detailing her statements to the Government's attorneys and the FBI.  The Government has no additional information about the testimony she will likely give during the guilt phase.  The Government therefore argues that the Court should deny the Motion to Interview.

---

[1] The only restriction the Government requested was that Naeem himself not be present during the interview and Naeem's counsel agreed.

The Government, however, states that it was willing to agree to a Federal Rule of Criminal Procedure 15 deposition of Delilah. This would allow the defense to obtain the information they hoped to obtain during an interview and would prevent any later disputes about what she said during the interview.

Naeem filed his reply on December 4, 2007, reiterating the arguments he raised in Motion to Interview. Naeem, however, states that the Government's suggestion of a Rule 15 deposition will accommodate his concerns, provided that Delilah will participate and that all parties understand that the deposition will not serve as a substitute for her testimony at trial.

## II. **Motion to Prevent Deposition**

Delilah filed the Motion to Prevent Deposition in response to the Government's and Naeem's agreement to take her deposition. She argues that paragraph 18 of her plea agreement sets forth the full extent of her required cooperation with the Government. It states:

> 18. The defendant agrees that she will fully cooperate with the United States *as agreed herein*.
>     (a). *The defendant agrees to testify truthfully at the guilt phase* of United States v. Naeem Williams, Cr. No. 06-00079 DAE, and not to assert any privilege regarding such testimony.
>     (b). *The defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office* at any reasonable time and to give truthful and complete answers at such meetings, but she understands she may have her counsel present at those meetings, if she so desires. The defendant further agrees that having Alexander Silvert at

>           those meetings will suffice and she does not
>           require Judy Clarke to be present at the meetings.

[Mem. in Supp. of Motion to Prevent Deposition at 2 (quoting Plea Agreement at p. 18, ¶ 18) (emphasis in original).]  Paragraph 18 does not require her to submit to a deposition, nor was a deposition even contemplated.  If the Court finds that the plea agreement is ambiguous with respect to her availability for depositions, Delilah argues that the ambiguity should be construed against the Government, which drafted the plea agreement and was in the stronger bargaining position.

Further, she argues that Rule 15 depositions are only appropriate when the person to be deposed may be unavailable for trial.  As required by her plea agreement, she will be available for trial.  Delilah also argues that the deposition would give the Government an unfair advantage by allowing it to preview her trial testimony and use her deposition against her if her trial testimony differs from her deposition testimony.  In addition, because the district judge has not yet accepted the plea agreement, a deposition could pose a serious risk of irreparable harm to Delilah.  If the district judge rejects the plea agreement and she goes to trial, while the Government could not use the statements she made to the Government against her, it could use her deposition against her.  Delilah asserts that the proposed deposition is a fishing expedition on Naeem's part and that Naeem has no right to a preview of her trial testimony.

Delilah argues that the Government's failure to oppose Naeem's request for an interview and its agreement to depose her breached the terms of her plea agreement. When the prosecution breaches a plea agreement, the defendant is entitled to either rescission or specific performance of the plea agreement. Delilah seeks specific performance, *i.e.* that the Government oppose the deposition. Delilah argues that to allow the deposition to go forward would be to allow the Government and Naeem to enter into an agreement to deprive her of her due process rights.

The Government filed its memorandum in response to the Motion to Prevent Deposition on January 4, 2008. First, the Government notes that the district judge accepted Delilah's plea agreement at a July 5, 2007 hearing. Although the Government disagrees that any ambiguity in the plea agreement should be construed against it, the Government does agree that the plea agreement is ambiguous as to whether Delilah must submit to a pretrial Rule 15 deposition. The Government also agrees that the Ninth Circuit has made it clear that Rule 15 is not to be used for discovery purposes. The Government therefore withdraws its consent to have Delilah deposed and now opposes Naeem's request to interview Delilah.

On January 28, 2008, Naeem filed a joint response to the Motion to Prevent Deposition and a supplemental reply to the

Motion to Interview.  Naeem argues that Delilah does not have standing to object to any agreement between the Government and Naeem to take her deposition because she is not a party in the upcoming trial.  Naeem asserts that, even though Rule 15 depositions are generally not to be used for discovery, courts retain broad discretion to grant depositions if there are exceptional circumstances which render the deposition in the interests of justice.  Naeem also notes that Delilah's availability is unclear.  Although she will apparently be available to testify for the Government in the guilt phase, Delilah has not indicated her willingness to testify for the defense in either the guilt or penalty phase.  Even if she is available, Naeem cannot ascertain what her testimony would be and whether it would be useful to him.

        Naeem argues that the Court should treat the instant matter as if he had moved for a court-ordered deposition.  Thus, the issue should be whether, due to exceptional circumstances, it is in the interests of justice to preserve Delilah's testimony for trial.  Naeem argues that Delilah's plea agreement, her refusal to submit to a defense interview, the ambiguity regarding her availability for the penalty phase, and the absence of Government interviews regarding potentially mitigating evidence support a finding of exceptional circumstances.

        Naeem also reiterates that, pursuant to the terms of

her plea agreement, the Government can compel Delilah to submit to a defense interview.  Naeem argues that, under Supreme Court case law, a valid death penalty scheme cannot prevent the sentencer from considering any relevant mitigating evidence.  Delilah is the Government's primary percipient witness and she claims she was present for statements and acts that the Government deems relevant to its case against Naeem.  Naeem argues that Delilah may also possess mitigating information that he is entitled to ferret out as part of counsel's reasonable investigation regarding how to best represent him.  Naeem therefore asks the Court to grant the Motion to Interview and allow either a deposition or a defense interview of Delilah.

## DISCUSSION

### I.   Rule 15 Deposition

Federal Rule of Criminal Procedure 15(a)(1) states, in pertinent part: "A party may move that a prospective witness be deposed in order to preserve testimony for trial.  The court may grant the motion because of exceptional circumstances and in the interest of justice. . . ."  The Advisory Committee's Notes state:

> Subdivision (a) is revised to provide that the government as well as the defendant is entitled to take a deposition.  The phrase "whenever due to special circumstances of the case it is in the interest of justice," is intended to make clear that the decision by the court as to whether to order the taking of a deposition shall be made in the context of the circumstances of the

>      particular case.  The principal objective is the
> preservation of evidence for use at trial.  <u>It is
> not to provide a method of pretrial discovery nor
> primarily for the purpose of obtaining a basis for
> later cross-examination of an adverse witness.</u>
> Discovery is a matter dealt with in rule 16.  An
> obviously important factor is whether a deposition
> will expedite, rather than delay, the
> administration of criminal justice.  Also
> important is the presence or absence of factors
> which determine the use of a deposition at the
> trial, such as the agreement of the parties to the
> use of the deposition; the possible unavailability
> of the witness; or the possibility that coercion
> may be used upon the witness to induce him to
> change his testimony or not to testify.  See rule
> 16(a)(1)(v).
>      Subdivision (a) also makes explicit that only
> the "testimony of a prospective witness of a
> party" can be taken.  This means the party's own
> witness and <u>does not authorize a discovery
> deposition of an adverse witness</u>.  The language
> "for use at trial" is intended to give further
> emphasis to the importance of the criteria for use
> specified in subdivision (e).

Fed. R. Crim. P. 15(a) advisory committee's note (1974 Amendment) (emphases added).

A court has broad discretion in considering a motion to depose a proposed witness in a criminal case and considers the circumstances of the case in determining whether exceptional circumstances warrant the deposition. See United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998).  The Ninth Circuit has stated that "[o]rdinarily, exceptional circumstances exist when the prospective deponent is unavailable for trial and the absence of the testimony would result in an injustice." United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998).  For

example, the Ninth Circuit has held that it is unjust "to deprive a defendant of what may be crucial exculpatory evidence." Id. (citation omitted). The Ninth Circuit has also held that "fairness and efficiency of the trial process" alone do not warrant Rule 15 depositions. See United States v. Fei Ye, 436 F.3d 1117, 1123-24 (9th Cir. 2006).

The Court cannot find that Delilah is unavailable for trial. Naeem is free to subpoena Delilah for either the guilt or penalty phase, and the Government has offered to pose questions written by Naeem's attorneys during one of its pretrial interviews and to provide Naeem with a report of the interview. Further, the Court finds that Delilah's plea agreement and her refusal to submit to a defense interview do not constitute exceptional circumstances for purposes of Rule 15(a)(1). The Court therefore DENIES Naeem's request for a order compelling Delilah to submit to a deposition.

## II.  **Confidential Informant**

In the alternative, Naeem argues that Delilah is in a similar position to that of a confidential informant and that this Court should order the Government to produce her for a defense interview.

"As a matter of fairness, courts have often required the government to show reasonable efforts in producing the confidential informant . . . for an interview when properly

requested by a defendant, such as when the defendant asserts a plausible entrapment defense, or otherwise shows a need for the information." United States v. Montgomery, 998 F.2d 1468, 1473 (9th Cir 1993). "Courts typically find the government's efforts to secure the presence of a confidential informant unreasonable when the government acts with negligence or intentional avoidance." See id. (citing United States v. Tornabene, 687 F.2d 312, 316 (9th Cir. 1982) ("Whether through neglect or intentional avoidance, the government's actions, taken as a whole, do not reflect efforts which were designed to produce the informant.")). If the government had a duty to produce the informant, the government must prove that it made reasonable efforts to produce the informant. See id. If the government could have produced the informant through reasonable efforts, but failed to do so, and it prejudices the defendant's case, it is grounds for a new trial. See id. at 1478.

     The Court finds that Delilah is not similarly situated to a confidential informant. Her identity and location are known to Naeem's counsel. There is nothing preventing Naeem from interviewing her except her decision not to speak to Naeem's defense team. Further, as noted above, Naeem can subpoena her to testify on his behalf at either the guilt or penalty phase. The Court therefore DENIES Naeem's request for a court order compelling Delilah to submit to an interview by Naeem's counsel.

## **CONCLUSION**

On the basis of the foregoing, Naeem's Motion for Order Permitting Naeem J. Williams' Defense Counsel and an Investigator to Interview Delilah Williams, filed on November 9, 2007, is HEREBY DENIED and Delilah's Motion Seeking Specific Performance of Plea Agreement and to Prevent Deposition, filed January 4, 2008, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 29, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. NAEEM J. WILLIAMS; CR 06-00079 DAE-LEK; ORDER DENYING DEFENDANT NAEEM J. WILLIAMS' MOTION FOR ORDER PERMITTING NAEEM J. WILLIAMS' DEFENSE COUNSEL AND AN INVESTIGATOR TO INTERVIEW DELILAH WILLIAMS AND GRANTING DEFENDANT DELILAH S. WILLIAMS' MOTION SEEKING SPECIFIC PERFORMANCE OF PLEA AGREEMENT AND TO PREVENT DEPOSITION**