IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00079 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| NAEEM J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER (1) DENYING DEFENDANT'S SECOND SUPERSEDING INDICTMENT RELATED MOTION # 4: MOTION TO LIMIT APPLICATION OF ONE OF THE GATEWAY ELIGIBILITY ALLEGATIONS UNDER 18 U.S.C. § 3591, AND MOTION FOR EVIDENTIARY DETAIL RE SUCH ALLEGATIONS; (2) DENYING DEFENDANT'S SECOND SUPERSEDING INDICTMENT RELATED MOTION # 5: MOTION TO DISMISS OR STRIKE FROM BOTH THE SECOND SUPERSEDING INDICTMENT AND THE SECOND AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY THE STATUTORY AGGRAVATING FACTORS ALLEGED UNDER 18 U.S.C. § 3592; IN THE ALTERNATIVE, MOTION FOR EVIDENTIARY DETAIL TO PROVIDE ADEQUATE NOTICE; (3) DENYING DEFENDANT'S SECOND SUPERSEDING INDICTMENT RELATED MOTION # 6: MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTORS FROM THE SECOND AMENDED NOTICE OF INTENT TO SEEK <u>THE DEATH PENALTY; AND (4) VACATING HEARINGS</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and supporting and opposing memoranda, the Court **DENIES** Defendant's motions to limit application of one of the gateway eligibility allegations under 18 U.S.C § 3591, to dismiss or

strike the statutory aggravating factors alleged under 18 U.S.C. § 3592, and to strike the alleged non-statutory aggravating factors (Docs. # 1111, 1112, 1113). The Court further **DENIES** Defendant's alternative requests for additional evidentiary detail regarding the gateway eligibility allegations and alleged statutory and non-statutory aggravating factors.  The hearings on these matters are hereby **VACATED**.

BACKGROUND

On December 4, 2009, the Government filed a Second Superseding Indictment, and on January 6, 2010, the Government filed a Second Amended Notice of Intent to Seek the Death Penalty.  On March 29, 2010, Defendant filed the following motions based on the Second Superseding Indictment:  (1) Motion to Limit Application of One of the Gateway Eligibility Allegations under 18 U.S.C. § 3591, and Motion for Evidentiary Detail Re Such Allegations ("SSI Motion # 4," Doc. # 1111); (2) Motion to Dismiss or Strike from Both the Second Superseding Indictment and the Second Amended Notice of Intent to Seek the Death Penalty the Statutory Aggravating Factors Alleged under 18 U.S.C. § 3592; in the Alternative, Motion for Evidentiary Detail to Provide Adequate Notice ("SSI Motion # 5," Doc. # 1112); and (3) Motion to Strike Non-Statutory Aggravating Factors from the Second Amended Notice of Intent to Seek the Death Penalty ("SSI Motion # 6,"

Doc. # 1113). On June 5 and 7, 2010, the Government filed its Oppositions. (Docs. # 1140, 1141, 1142.) Defendant's replies were due on June 14, 2010. (see Docs. # 1133, 1134.) On July 22, 2010, Defendant filed an untimely Reply in opposition to the motion to dismiss or strike the second superseding indictment. (Doc. # 1219.) Because Defendant has failed to demonstrate good cause to file the reply after the deadline and because Defendant did not ask leave of Court to file the reply late, the Court will disregard the reply pursuant to the Court's authority under Local Rule 7.4.

Defendant's instant motions are similar to motions he previously filed as Death Penalty Motions # 3 - 5. On July 31, 2007, Defendant filed a Motion to Dismiss or Strike Proportionality/Eligibility Allegations ("DP Motion # 3," Doc. # 321), a Motion to Dismiss or Strike Statutory Aggravating Factors ("DP Motion # 4," Doc. # 322), and a Motion to Dismiss or Strike the Non-Statutory Aggravating Factors ("DP Motion # 5," Doc. # 323). The Court addressed each in a written order on October 3, 2007 ("October 3, 2007 Order"). (Doc. # 382.)

On March 1, 2010, the Court heard argument on Defendant's Motion to Apply Arguments and Rulings from Defense Death Penalty Motions 1-6 to Second Superseding Indictment. In a written order that followed, the Court ruled that its October 3, 2007 Order remained in effect to the extent its rulings were

based upon principles of law not dependent on facts or allegations specific to the First Superseding Indictment or were based on issues identical in both the First and Second Superseding Indictments and in both the Notice and Second Amended Notice of Intent to Seek the Death Penalty.  (Doc. # 1102.)  The Court further provided that Defendant could file new motions raising "issues unique to the Second Superseding Indictment and to the Second Amended Notice of Intent."  (Id. at 3.)  The instant motions followed.

I.   Indictment

The Second Superseding Indictment charges Defendant Naeem Williams with two capital-eligible counts arising out of his role in allegedly beating and killing his five-year-old daughter, Talia Williams.  In Count 1, Defendant is charged with first degree felony murder, in violation of 18 U.S.C. §§ 7 and 1111.  The indictment alleges that on July 16, 2005, Defendant, with malice aforethought, unlawfully killed a child, in the perpetration of child abuse, at Wheeler Army Airfield.

Count 2 charges Defendant with first degree felony murder, and aiding and abetting first degree felony murder, in violation of 18 U.S.C. §§ 7 and 1111.  The indictment alleges that sometime after December 13, 2004, and culminating on July 16, 2005, Defendant and his wife, Delilah Williams, with

malice aforethought, unlawfully killed, and aided and abetted each other in the killing of, a child in the perpetration of a pattern and practice of assault and torture against a child.

The Second Superseding Indictment also contains a Notice of Special Findings section, which alleges that Defendant was 18 years of age or older at the time of the offense. This section also alleges mental state eligibility factors and statutory aggravating factors, within the meaning of 18 U.S.C. §§ 3591(a) and 3592(c) of the Federal Death Penalty Act ("FDPA"), as described next.

## II.     Death Penalty Notice

In both the Special Findings section of the Second Superseding Indictment and in the Second Amended Notice of Intent to Seek the Death Penalty, the Government alleges the following two statutory mental state factors within the meaning of 18 U.S.C. §§ 3591(a)(2)(B) and (D):  (1) Defendant intentionally inflicted serious bodily injury that resulted in the death of Talia Williams; and (2) Defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person (other than a participant in the offense) such that participation in the act constituted a reckless disregard for human life and that Talia Williams died as a result of the act. These factors are known as "gateway" mental state factors, at least one of which the jury must find

exists beyond a reasonable doubt as a prerequisite for finding that a defendant is eligible for the death penalty.

The Government also alleges the following statutory aggravating factors: (1) Defendant committed the offense in an especially heinous, cruel and depraved manner in that it involved torture and serious physical abuse to the victim, within the meaning of 18 U.S.C. § 3592(c)(6); and (2) the victim was particularly vulnerable due to her youth, within the meaning of 18 U.S.C. § 3592(c)(11). In addition to at least one "gateway" mental state factor, the jury must find beyond a reasonable doubt the existence of at least one statutory aggravating factor as a prerequisite for finding that a defendant is eligible for the death penalty.

The Second Amended Notice of Intent to Seek the Death Penalty further alleges the following non-statutory aggravating factors under 18 U.S.C. § 3593(a): (1) intentional delay in seeking medical care; (2) intentional impediment of investigation; (3) knowing and willful false statement to law enforcement ; (4) obstruction of justice; (5) injury, harm, and loss to the victim's mother; (6) failure to relinquish custody of the victim to others; and (7) victim's vulnerability.

## DISCUSSION

I. <u>Gateway Eligibility Allegations</u>

In his SSI Motion #4, Defendant urges the Court to strike, as to Count 2, the "act of violence" mental state factor set forth in 18 U.S.C. § 3591(a)(2)(D). He argues that Count 2 describes a course of conduct occurring between December 13, 2004, and July 16, 2005, and is thus incompatible with a death penalty eligibility factor that is intended to focus on a single act of violence rather than a pattern of activity occurring over a period of time.

The Government correctly notes that Defendant's argument is untimely. Pursuant to the Magistrate Judge's scheduling order, all motions challenging the FDPA and its application in this case were due by August 2, 2007. (<u>See</u> Docs. # 221, 300.) Defendant timely filed his DP Motion # 3, challenging the mental state eligibility factors alleged by the Government, but did not include the instant argument. Nor is Defendant's argument responsive to either the Second Superseding Indictment or the Second Amended Notice of Intent to Seek the Death Penalty; both the First Superseding Indictment and the First Amended Notice of Intent were filed in October 2006 and alleged the "act of violence" mental state eligibility factor as to Count 2.

Timeliness aside, Defendant's motion lacks merit. He cites no authority to suggest that an alleged mental state eligibility factor is limited by the findings necessary to establish guilt on the underlying criminal allegation. Although deliberation on Count 2 will require the jury to determine whether Defendant engaged in a pattern and practice of assault and torture, death eligibility is a separate inquiry and, if Defendant is convicted of Count 2, will require the jury to determine whether Defendant intentionally inflicted serious bodily injury or engaged in an act of violence knowing that the act created a grave risk of death. Nothing in 18 U.S.C. § 3591(a)(2)(D) or relevant caselaw establishes that an "act of violence" cannot be based on one or more acts carried out during a continuing course of conduct. Accordingly, Defendant's motion is **DENIED**.

In the alternative, Defendant requests that the Court order the Government to provide further evidentiary detail with respect to the alleged "act of violence" gateway intent factor. The Court already denied this request in its October 3, 2007 Order. (Doc. # 382 at 11-15.) For the reasons set forth therein, Defendant's alternative request for evidentiary detail is **DENIED**.

II.     Alleged Statutory Aggravating Factors

In his SSI Motion # 5, Defendant urges the Court to strike the "heinous, cruel, or depraved" statutory aggravating factor set forth in 18 U.S.C.

8

§ 3592(c)(6) . He argues that the factor is facially invalid, inapplicable to Count 1, unconstitutionally vague as to Count 2, and impermissibly duplicative. Defendant also argues that the "vulnerable victim" statutory aggravating factor set forth in 18 U.S.C. § 3592(c)(11) is unconstitutionally vague and duplicative.

Defendant repeats arguments already rejected by the Court. He also makes new arguments that could (and should) have been raised earlier in his DP Motion # 4 because the Government's alleged statutory aggravating factors were not altered in the Second Superseding Indictment or Second Amended Notice of Intent. For the reasons set forth in its October 3, 2007 Order, the Court again rejects Defendant's arguments that the "heinous, cruel, or depraved" and "vulnerable victim" factors are unconstitutionally vague and overbroad. (Doc. # 382 at 19, 21.) Similarly, the Court again rejects Defendant's argument that the "heinous, cruel, or depraved" factor impermissibly duplicates the elements of Count 2. (Id. at 22.) Although they are untimely, the Court turns now to Defendant's new arguments.

First, Defendant contends that the "heinous, cruel, or depraved" factor is inapplicable to Count 1 because the Government's evidentiary allegations are insufficient to establish the factor. Specifically, he asserts that the aggravating factor is charged "on the basis of a punch, slap, or push," which are "characteristics

of many homicides, and do not qualify as being heinous, cruel and depraved." In essence, Defendant seeks a directed verdict prior to either admission of evidence or conviction on a capital-eligible count. Such request is clearly premature.

Second, Defendant argues that two of the alleged non-statutory aggravating factors relating to the victim's vulnerability are impermissibly duplicative of the statutory "vulnerable victim" aggravating factor. This argument is addressed and rejected below in connection with Defendant's Motion to Strike Non-Statutory Aggravating Factors.

Finally, Defendant asserts that presentation to the jury of the alleged statutory aggravating factors on both Counts 1 and 2 would amount to improper duplication because there is only one victim and one killing. He argues that allowing application of factors to two separate capital counts, if he is convicted of both, will distort the weighing process because the jury would apply the aggravating factors to each count.

As aptly explained by the Government in its response, if the jury finds Defendant guilty of both Counts 1 and 2 and this case proceeds to a penalty phase, the jury will be instructed to make findings as to Defendant's mental state and the alleged aggravating factors without reference to the conviction counts. In other words, there will be only one inquiry by the jury regarding Defendant's mental

state and the existence of aggravating factors with respect to the killing; the jury will not be instructed to make such findings as to each count.

The Court has considered Defendant's untimely arguments and finds that none provide grounds for striking, prior to trial, the statutory aggravating factors alleged by the Government in the Second Superseding Indictment and the Second Amended Notice of Intent.  Therefore, Defendant's motion to dismiss is **DENIED**.

In the alternative, Defendant requests that the Court order the Government to provide further evidentiary detail with respect to the alleged statutory aggravating factors.  The Court already denied this request in its October 3, 2007 Order.  (Doc. # 382 at 20-21.)  For the reasons set forth therein, Defendant's alternative request for evidentiary detail is **DENIED**.

III.     Alleged Non-Statutory Aggravating Factors

In his SSI Motion # 6, Defendant urges the Court to strike the alleged non-statutory aggravating factors set forth in the Second Amended Notice of Intent to Seek the Death Penalty.  He asserts that the listed factors exceed the permissible scope of a non-statutory aggravating factor as determined by courts interpreting the FDPA, are impermissibly vague, violate the Eighth Amendment, and are illegally duplicative.  In the alternative, he requests further evidentiary detail as to each.

Defendant repeats arguments already rejected by the Court. Specifically, in his DP Motion # 5 Defendant challenged the application of non-statutory aggravating factors as part of the federal capital sentencing scheme and argued invalidity of the following non-statutory aggravating factors: (1) failure to seek timely medical attention; (2) obstruction of justice and investigation impediment; and (3) injury, harm, and loss to the victim's mother.[1]  For the reasons set forth in its October 3, 2007 Order, the Court again rejects Defendant's arguments that these non-statutory aggravating factors are constitutionally invalid. (Doc. # 382 at 24-29.)  Similarly, the Court again rejects Defendant's general challenges to the FDPA based on the inclusion of non-statutory aggravating factors.  (Id. at 32-33.)  See also United States v. Duncan, No. CR-07-23-N-EJL, 2008 WL 711603 (D. Idaho Mar. 14, 2008) (rejecting identical unlimited prosecutorial discretion and Ex Post Facto Clause arguments).

In the Second Amended Notice of Intent, the Government alleged several new non-statutory aggravating factors that were not included in the prior Notice.  These are:  (1) Defendant knowingly and willfully made a false statement

---

[1] Although the Second Amended Notice of Intent words these factors in a somewhat different manner and divides the "Obstruction of Justice" allegations into two separate factors, they are substantively the same as those alleged in the First Amended Notice.

to law enforcement officers to conceal the true cause of Talia's death; (2) Defendant retained custody of Talia Williams and continued to abuse, assault, and torture her while knowing that others were willing to accept custody of her; (3) the victim was particularly vulnerable due to her special needs, including her developmental delays and her asthma. Defendant challenges each factor.

First, Defendant argues that the "false statement" factor impermissibly duplicates a substantive charge that will be considered by the jury and fails to provide adequate Eighth Amendment narrowing because it provides no principled basis for distinguishing him as a person deserving of the death penalty.[2] The Court disagrees.

The Supreme Court has held that an "aggravating circumstance may be contained in the definition of the crime or in a separate sentencing factor (or in both)." Tuilaepa v. California, 512 U.S. 967, 972 (1994) (citing Lowenfield v. Phelps, 484 U.S. 231, 244-45 (1988)). The Court in Lowenfield explained that the Eighth Amendment does not prohibit the use of an aggravating factor during the sentencing phase that duplicates one or more elements of the offense found at the guilt phase. 484 U.S. at 244-46. See also United States v. Higgs, 353 F.3d 281,

---

[2] Count 5 of the Second Superseding Indictment alleges that Defendant made a materially false statement to investigators in violation of 18 U.S.C. § 1001(a)(2).

315 (4th Cir. 2003) (rejecting claim that aggravating factor duplicative of offense failed to narrow class of death-eligible persons); United States v. Jones, 132 F.3d 232, 249 (5th Cir. 1998) (same).

Moreover, as Defendant acknowledges and the Court explained in its October 3, 2007 Order, the non-statutory aggravating factor of impeding an investigation or obstructing justice has been approved by several courts as a valid non-statutory aggravating circumstance. See, e.g., Higgs, 353 F.3d at 323. Not every death-eligible defendant impedes an investigation by making false statements to law enforcement officers. Thus, this non-statutory aggravating factor is neither vague nor overbroad. See Tuilaepa, 512 U.S. at 973 (holding that an aggravating factor is not unconstitutionally vague if it possesses "some common-sense core of meaning . . . that criminal juries should be capable of understanding") (internal quotation omitted).

Next, Defendant contends that the "failure to relinquish custody" non-statutory aggravating factor is violative of the Eighth Amendment because it is duplicative of Count 2, fails to narrow, and is based on speculative evidence. As just explained, the United States Supreme Court has held that it is permissible for an aggravating factor to duplicate an element of the underlying offense. See Lowenfield, 484 U.S. at 244-46.

In addition, the Government has alleged facts – that Talia's mother sought to have Talia returned to her custody and that Talia's great-grandmother was willing to raise her – that, if true, would be relevant to assist the jury in distinguishing "those who deserve capital punishment from those who do not." Arave v. Creech, 507 U.S. 463, 474 (1993). Clearly, such facts would not apply to every death-eligible defendant. Thus, this non-statutory aggravating factor is neither vague nor overbroad. With regard to the admission of specific evidence in support of this factor, that issue will be addressed when and if a penalty phase is necessary.

Defendant also argues that the "vulnerability" non-statutory aggravating factor is duplicative of the vulnerability statutory aggravating factor alleged pursuant to 18 U.S.C. § 3592(c)(11) and will cause the jury to impermissibly double count the victim's vulnerability, thus skewing the weighing process. The Court is unpersuaded.

In Jones v. United States, 527 U.S. 373, 398-400 (1999), the Court noted: "We have never before held that aggravating factors could be duplicative so as to render them constitutionally invalid, nor have we passed on the 'double counting' theory that the Tenth Circuit advanced in [United States v. McCullah, 76 F.3d 1087, 1111 (10th Cir. 1996)] and the Fifth Circuit appears to have followed

here." The Court went on to find, assuming validity of the double counting theory, that the two non-statutory aggravating factors at issue – (i) the victim's "young age, her slight stature, her background, and her unfamiliarity with San Angelo, Texas" and (ii) the victim's "personal characteristics and the effect of the instant offense on [her] family" – were not duplicative. Id. at 378 n.3, 399. Instead, the evidence was relevant to two different aggravating factors – the victim's vulnerability to attack and the effect of the crime on her family. Id. at 399.

Similarly here, the factors alleged are not duplicative. The statutory aggravating factor alleged under 18 U.S.C. § 3592(c)(11) is based on the victim's age; the alleged non-statutory aggravating factor is based on her developmental delays and asthma. Although both factors deal with the victim's vulnerability generally, the specific allegations are relevant to two different factors – the victim's youth and her physical and mental infirmities. Vulnerability based on youth is not duplicative of vulnerability based on physical or mental infirmities, which could apply to a victim of any age.

Finally, Defendant repeats the argument raised in SSI Motion # 5 that presentation to the jury of the alleged non-statutory aggravating factors on both Counts 1 and 2 would amount to improper duplication because there is only one victim and one killing. For the reasons set forth above, this argument fails.

The Court has considered Defendant's arguments and finds that none provide grounds for striking, prior to trial, the non-statutory aggravating factors alleged by the Government in the Second Amended Notice of Intent. Therefore, Defendant's motion to dismiss is **DENIED**.

In the event the Court does not strike the non-statutory aggravating factors, Defendant requests that the Government be ordered to provide further evidentiary detail. However, he has not identified with respect to any specific non-statutory aggravating factor what additional evidentiary detail should have been included in the Second Amended Notice. Therefore, this request is **DENIED**.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motions to limit application of one of the gateway eligibility allegations under 18 U.S.C. § 3591, to dismiss or strike the statutory aggravating factors alleged under 18 U.S.C. § 3592, and to strike the alleged non-statutory aggravating factors. The Court further **DENIES** Defendant's alternative requests for additional evidentiary detail

regarding the gateway eligibility allegations and alleged statutory and non-statutory aggravating factors.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 5, 2010.



_____
David Alan Ezra
United States District Judge

United States v. Williams, CR 06-00079 DAE-KSC;  ORDER (1) DENYING DEFENDANT'S SECOND SUPERSEDING INDICTMENT RELATED MOTION # 4: MOTION TO LIMIT APPLICATION OF ONE OF THE GATEWAY ELIGIBILITY ALLEGATIONS UNDER 18 U.S.C. § 3591, AND MOTION FOR EVIDENTIARY DETAIL RE SUCH ALLEGATIONS; (2) DENYING DEFENDANT'S SECOND SUPERSEDING INDICTMENT RELATED MOTION # 5: MOTION TO DISMISS OR STRIKE FROM BOTH THE SECOND SUPERSEDING INDICTMENT AND THE SECOND AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY THE STATUTORY AGGRAVATING FACTORS ALLEGED UNDER 18 U.S.C. § 3592; IN THE ALTERNATIVE, MOTION FOR EVIDENTIARY DETAIL TO PROVIDE ADEQUATE NOTICE; (3) DENYING DEFENDANT'S SECOND SUPERSEDING INDICTMENT RELATED MOTION # 6: MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTORS FROM THE SECOND AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY; AND VACATING HEARINGS