IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00079 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| NAEEM J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) DENYING DEFENDANT'S SECOND SUPERSEDING
INDICTMENT RELATED MOTION # 3: MOTION FOR FINDING
THAT THE DEATH PENALTY ACT IS UNCONSTITUTIONAL AND
MOTION TO STRIKE FDPA ALLEGATIONS FROM THE SECOND
SUPERSEDING INDICTMENT AND SECOND AMENDED NOTICE OF
INTENT TO SEEK THE DEATH PENALTY; AND (2) VACATING HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and supporting and opposing memoranda, the Court **DENIES** Defendant's motion to strike the Federal Death Penalty Act ("FPDA") as unconstitutional. (Doc. # 1118). The hearing on the matter is hereby **VACATED**.

BACKGROUND

On December 4, 2009, and January 6, 2010, respectively, the Government filed a Second Superseding Indictment and a Second Amended Notice

of Intent to Seek the Death Penalty.  On April 4, 2010, Defendant filed a Motion for Finding that the Death Penalty Act Is Unconstitutional and Motion to Strike FDPA Allegations from the Second Superseding Indictment and Second Amended Notice of Intent to Seek the Death Penalty.  (Doc. #1118.)  The Government filed its Opposition on June 9, 2010.  (Doc. # 1145.)  Defendant's reply was due on July 19, 2010, but none was filed.  (See Doc. # 1135.)

Defendant's instant motion is substantially similar to a motion he previously filed on July 15, 2007, as Death Penalty Motion # 2:  Motion for Finding that the Death Penalty Act is Unconstitutional and Motion to Strike FDPA Allegations from the Superseding Indictment and Amended Notice of Intent to Seek the Death Penalty.  (Doc. # 309.)  The Court dismissed one aspect of the motion without prejudice as premature (Confrontation Clause argument) but otherwise denied relief in a written order on October 2, 2007 ("October 2, 2007 Order").  (Doc. # 381.)

On March 1, 2010, the Court heard argument on Defendant's Motion to Apply Arguments and Rulings from Defense Death Penalty Motions 1-6 to Second Superseding Indictment.  In a written order that followed, the Court ruled that its October 2, 2007 Order remained in effect to the extent its rulings were based upon principles of law not dependent on facts or allegations specific to the

First Superseding Indictment or were based on issues identical in both the First and Second Superseding Indictments and in both the Notice and Second Amended Notice of Intent to Seek the Death Penalty. (Doc. # 1102.) The Court further provided that Defendant could file new motions raising "issues unique to the Second Superseding Indictment and to the Second Amended Notice of Intent." (Id. at 3.) The instant motion followed.

## DISCUSSION

Defendant argues that the FDPA is facially unconstitutional because it fails to comply with the Fifth Amendment Due Process and Indictment Clauses. He also argues that the FDPA: fails to include procedural protections required by the Fifth, Sixth, and Eighth Amendments; contains an unconstitutional standard for the admission of evidence at sentencing; provides for a sentencing hearing that cannot be conducted in the absence of importing procedures required by Ring v. Arizona, 536 U.S. 584 (2002), Crawford v. Washington, 541 U.S. 36 (2004), and Sattazahn v. Pennsylvania, 537 U.S. 101 (2003); lacks specified burdens of proof; fails to provide sufficient guidance for the jury to determine that the death penalty is "justified"; must be read with a patchwork of case law in mind such that the face of the Act is not actually applied in a death penalty prosecution; and violates international law.

Each of these arguments has already been considered and rejected by the Court. In its October 2, 2007 Order, the Court expressly found that the FDPA was not facially invalid, that non-statutory aggravating factors are not elements within the meaning of Ring and Sattazahn, and that the FDPA does not violate international law. (Doc. # 381 at 12-18.) The Court declines to reconsider these issues.

The Court further found that Defendant's Confrontation Clause argument based on Crawford was premature because it is not clear the Government will attempt to use any testimonial hearsay evidence at the sentencing phase, if one is necessary. (Id. at 18.) Nothing in the Second Superseding Indictment or Second Amended Notice alters the Court's ruling in this regard.

Finally, the Court determined that the grand jury does not need to be informed that the defendant may be subject to the death penalty. (Id. at 9-10.) Even assuming applicability of such a requirement, Defendant's instant motion fails because, as set forth in the Government's Opposition and exhibits thereto (Doc. # 1145 at 4-6), the Grand Jury in this case was actually informed, before it returned the Second Superseding Indictment, that Defendant faced a possible death sentence and that it had to agree with the proposed special findings to make him death-eligible.

CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Finding that the Death Penalty Act Is Unconstitutional and Motion to Strike FDPA Allegations from the Second Superseding Indictment and Second Amended Notice of Intent to Seek the Death Penalty.  The hearing on the matter is **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 5, 2010.

_____
David Alan Ezra
United States District Judge

United States v. Williams, CR 06-00079 DAE-KSC;
ORDER: (1) DENYING DEFENDANT'S SECOND SUPERSEDING
INDICTMENT RELATED MOTION # 3: MOTION FOR FINDING
THAT THE DEATH PENALTY ACT IS UNCONSTITUTIONAL AND
MOTION TO STRIKE FDPA ALLEGATIONS FROM THE SECOND
SUPERSEDING INDICTMENT AND SECOND AMENDED NOTICE OF
INTENT TO SEEK THE DEATH PENALTY; AND (2) VACATING HEARING