IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00079 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT'S |
| vs. | ) | MOTION FOR DISCLOSURE OF |
| | ) | ALL STATEMENTS, INCLUDING |
| NAEEM J. WILLIAMS, | ) | REPORTS, TAPES, OR NOTES |
| | ) | ABOUT STATEMENTS, OF |
| Defendant. | ) | FORMER CO-DEFENDANT AND |
| | ) | CURRENT GOVERNMENT |
| | ) | WITNESS DELILAH WILLIAMS |
| | ) | AND ASSOCIATED MOTION FOR |
| | ) | CONFERENCE ON DISCOVERY |
| | ) | PROCEDURES SPECIFIC TO THIS |
| _____ | ) | CASE, DOC. NO. 2029 |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCLOSURE OF ALL STATEMENTS, INCLUDING REPORTS, TAPES, OR NOTES ABOUT STATEMENTS, OF FORMER CO-DEFENDANT AND CURRENT GOVERNMENT WITNESS DELILAH WILLIAMS AND ASSOCIATED MOTION FOR CONFERENCE ON DISCOVERY PROCEDURES SPECIFIC TO THIS CASE, DOC. NO. 2029**

Throughout the pendency of this eight-year long capital criminal action, the government has proactively produced to Defendant Naeem Williams ("Defendant") various statements of co-Defendant Delilah Williams. In his May 24, 2013 Motion for Disclosure of All Statements, Including Reports, Tapes, or Notes about Statements, of Former Co-defendant and Current Government Witness Delilah Williams and Associated Motion for Conference on Discovery Procedures

Specific to this Case ("Motion for Discovery"), Doc. No. 2029, Defendant nonetheless seeks "an order focused on the witness Delilah Williams that requires disclosure, pretrial, of any additional statements, notes of statements, tapes of statements of Delilah Williams within a specified time."[1] Doc. No. 2029-1 at 2. Defendant further seeks a status conference "for the Court to discuss with the parties its approach to discovery and discovery management." *Id.* at 1-2. The government filed an Opposition on June 14, 2013, Doc. No. 2054, Defendant filed a Reply on June 27, 2013, Doc. No. 2059, and a hearing was held on August 22,

---

[1] Specifically, Defendant seeks an order requiring the government to disclose:
(1) all reports, notes, recordings, and transcripts of statements of Delilah Williams prior to the beginning of jury selection;
(2) any statement, including notes, records, transcripts, or reports of statements, including FBI 302 reports, of Delilah Williams' statements made up to and including the time of any hearing on this motion within 72 hours of the date the court's order requiring disclosure;
(3) any notes, recordings, transcripts, or reports of Delilah Williams' statements made after the entry of an order arising out of this motion within 72 hours of the government's obtaining the statement in whatever form it is preserved in. If a transcript, record, or report is disclosed, the government shall also inquire into the existence of an Agent or officer's handwritten notes of any interview that produced a statement, and shall, within 72 hours of obtaining the notes, disclose those as well; and
(4) any and all information and evidence bearing on the credibility of Delilah Williams within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), and cases interpreting *Brady* to apply to impeaching evidence, no later than 30 days prior to Ms. Williams' taking the witness stand in the trial of this case.
Doc. No. 2029.

2013. Based on the following, the court GRANTS in part and DENIES in part the Motion for Discovery.

Defendant argues that firm deadlines for disclosure of discovery regarding Delilah Williams are necessary because she is a critical witness, over time she has acknowledged an increasing responsibility for the victim's injuries, and the government has a de-facto monopoly of access over her because the court previously denied Defendant access to this witness. Other than citing the court's general authority to enter discovery orders, *see* Doc. No. 2029-1, Mot. at 10, however, Defendant cites no legal support for why the discovery requirements in this capital criminal action should be altered from what is otherwise required by Federal Rule of Criminal Procedure 16 (including Local Criminal Rule 16.1, *Brady*, *Giglio*, and *Jencks*).

First, it is hardly a novel concept (as Defendant argues) that this court "has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *See United States v W. R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008); *see also United States v. Diaz*, 2005 WL 1575191, at *3 (N.D. Cal. June 30, 2005) ("[T]he court

has inherent authority to manage the disposition of its criminal cases, which includes the power to set dates for disclosure of information." (citing *United States v. Perez,* 222 F. Supp. 2d 164 (D. Conn. 2000))); *see also* Local Crim. R. 16(a) (requiring the government to produce certain discovery to defendant "within seven (7) days after arraignment *unless otherwise ordered by the court* or promptly upon subsequent discovery" (emphasis added)).

But Defendant has failed to establish any special circumstances requiring the court to alter the discovery deadlines in this action. That this action is a capital criminal action on its own does not mandate a change to the discovery process or deadlines. Nor does the fact that Delilah Williams is a critical witness suggest that a change is necessary. Rather, the government is well aware of its obligations pursuant to Rule 16, *Brady*, *Giglio*, and *Jencks*, and there is no suggestion the government has not and will not comply with those obligations.

The court further rejects Defendant's Motion to the extent it seeks material not otherwise discoverable, or proposes deadlines beyond what is required by *Brady*, *Giglio*, *Jencks*, and Local Rule 16.1. For example, Defendant seeks to have the government disclose, among other things, all notes taken by others of statements of Delilah Williams, but notes are discoverable only if they contain statements that are otherwise discoverable. *See, e.g.*, *United States v. Ogbuehi*, 18

F.3d 807, 810-11 (9th Cir. 1994) (recognizing that interview notes read back to and confirmed by the witness may be a Jencks Act statement); *United States v. Boshell*, 952 F.2d 1101, 1104-05 (9th Cir. 1991) (finding that the defendants failed to make a showing that notes were read or adopted by the witness and that the notes were therefore not subject to the Jencks Act production requirements). Defendant also seeks to have the government produce all *Brady* material no later than thirty days prior to her testimony, but *Brady* requires no such deadline. Indeed, such deadline is wholly untenable -- it would require the government to accurately predict when Delilah Williams will testify or face violating a discovery order.

      The court agrees with Defendant, however, to the extent he challenges then-Magistrate Judge Kobayashi's August 1, 2006 Order requiring the government to respond to specific *Brady* requests within thirty days of the written request. *See* Doc. No. 115. As discussed at the August 22, 2013 hearing, this thirty-day window to disclose *Brady* material is unworkable as trial approaches, and the government has agreed to respond to such requests in an efficient and expedient manner. The government will also continue to disclose *Brady* material (whether by specific request or not) as it becomes available.[2]

---

[2] And in any event, the court further reminds the parties that "[t]he law requires the prosecution to produce *Brady* and *Giglio* material whether or not the defendant requests any such evidence." *Milke v. Ryan*, 711 F.3d 998, 1003-04 (9th Cir. 2013) (citing *Strickler v. Greene,* 527
(continued...)

Thus, the court GRANTS in part and DENIES in part Defendant's Motion for Discovery, Doc. No. 2029.  This Order is without prejudice to Defendant raising a particular discovery dispute via motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 22, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Williams*, Cr. No. 06-00079 JMS/KSC, Order Denying Defendant's Motion for Disclosure of All Statements, Including Reports, Tapes, or Notes about Statements, of Former Co-defendant and Current Government Witness Delilah Williams and Associated Motion for Conference on Discovery Procedures Specific to this Case, Doc. No. 2029

---

[2](...continued)
U.S. 263, 280 (1999); *United States v. Agurs,* 427 U.S. 97, 107 (1976)).