IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00079 JMS/KSC |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR TRANSFER OF TRIAL |
| vs. | ) | BASED ON CONVENIENCE OF THE |
| | ) | PARTIES, CONVENIENCE TO THE |
| NAEEM J. WILLIAMS, | ) | WITNESSES, AND IN THE INTEREST |
| | ) | OF JUSTICE (FRCP 21(B)), DOC. NO. |
| Defendant. | ) | 2030 |
| _____ | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER OF TRIAL BASED ON CONVENIENCE OF THE PARTIES, CONVENIENCE TO THE WITNESSES, AND IN THE INTEREST OF JUSTICE (FRCP 21(B)), DOC. NO. 2030

## I.  INTRODUCTION

This is a capital criminal action that has been pending in this District for almost eight years.  Currently before the court is Defendant Naeem Williams' ("Defendant") May 24, 2013 Motion for Transfer of Trial Based on Convenience of the Parties, Convenience to the Witnesses, and in the Interest of Justice (FRCP 21(b)) ("Motion for Transfer").  Doc. No. 2030.  Defendant asks the court to transfer this case, in order of preference, "to a mainland District such as the U.S. District Court for the District of South Carolina, the Middle District of Tennessee, or the Northern District of California."  *Id.* at 1.  The government filed an Opposition on June 14, 2013, Doc. No. 2055, Defendant filed a Reply on June 27,

2013, Doc. No. 2058, and a hearing was held on August 22, 2013.  Based on the

following, the court DENIES the Motion for Transfer.

## II.  <u>DISCUSSION</u>

The court first outlines the legal framework applicable to Defendant's

Motion for Transfer, and then applies it to the facts of this case.

### A.    Legal Framework

Federal Rule of Criminal Procedure 21(b) provides that "[u]pon a

defendant's motion, the court may transfer the proceeding . . . against that

defendant to another district for the convenience of the parties, any victim, and the

witnesses, and in the interest of justice."  Fed. R. Crim. P. 21(b).

The burden is on the defendant to show that transfer should be

granted.  *See In re United States*, 273 F.3d 380, 389 (3d Cir. 2001).  With that said,

however, "the defendant is not required to show 'truly compelling circumstances

for . . . change . . . [of venue, but rather that] all relevant things considered, the case

would be better off transferred to another district.'"  *Id.* (quoting *In re Balsimo*, 68

F.3d 185, 187 (7th Cir. 1995) (alterations in original)). Whether to grant the motion

rests with "the sound discretion of the trial court."  *United States v. Testa*, 548 F.2d

847, 856 (9th Cir. 1977).

In exercising its discretion, the court should consider a number of factors, including the: (1) location of the defendant(s); (2) location of the possible witnesses; (3) location of the events likely to be at issue; (4) location of relevant documents and records; (5) potential for disruption of the defendant's businesses if transfer is denied; (6) expenses to be incurred by the parties if transfer is denied; (7) location of defense counsel; (8) relative accessibility of the place of trial; (9) docket conditions of each potential district; and (10) any other special circumstance that might bear on the desirability of transfer.  *See Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964)).  Although the Ninth Circuit has not engaged these factors in depth, other Circuits have explained that none of these considerations is dispositive and that the court must instead "try to strike a balance and determine which factors are of greatest importance."  *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2nd Cir. 1990); *see United States v. Morrison*, 946 F.2d 484, 490 n.1 (7th Cir. 1991) (same).  Some degree of inconvenience is inevitable, and the court must consider both the defendant's and the government's inconvenience.  *Testa*, 548 F.2d at 857.

**B.    Application**

Addressing each of the *Platt* factors, the parties agree that the location of relevant documents and records, the potential for disruption of the defendant's

—

businesses if transfer is denied, and the docket conditions of each potential district, are neutral and/or inapplicable.  The court agrees that these factors do not affect the analysis, and proceeds to address the factors in dispute.

### 1.   *Location of the Defendant*

Although Defendant was a Honolulu resident at the time of the offenses charged in the Second Superceding Indictment, Defendant argues that this factor weighs in favor of transfer because his main defense team (Michael Burt and John Philipsborn) are located in San Francisco.  Doc. No. 2030-1, Mot. at 5.  This argument conflates the location of the defendant with the location of defense counsel, a separate inquiry under the *Platt* analysis (discussed below).  Because Defendant is located in Hawaii, this factor does not support transfer.[1]  *See United States v. Aronoff*, 463 F. Supp. 454, 457 (S.D.N.Y. 1978) ("It has been stated, therefore, that as a matter of policy, a defendant should ordinarily be tried, whenever possible, where he resides.").

---

[1]  And in any event, a defendant's residence is not a controlling factor.  *See Platt*, 376 U.S. at 245-46 (noting that the defendant's residence has no "independent significance," and should not be given dispositive weight); *United States v. McManus*, 535 F.2d 460, 463 (8th Cir. 1976) ("Criminal defendants have no constitutional right to have a trial in their home districts, nor does the location of the defendant's home have 'independent significance in determining whether transfer to that district would be in the interest of justice.'") (quoting *Platt*, 376 U.S. at 245-46) (internal quotation marks omitted); *United States v. Quinn*, 401 F. Supp. 2d 80, 86 (D. D.C. 2005) (explaining that the significance of this factor "derives solely from its relationship to the convenience of witnesses, records, and counsel" (citations and quotations omitted)).

### 2.     *Location of Possible Witnesses*

Defendant argues that although some potential witnesses are Hawaii residents (for example, first responders, lay witnesses, and the local Medical Examiner), many witnesses are located in each of the Districts to which Defendant seeks transfer.  For example, several of Defendant's maternal relatives, as well as other witnesses relevant to the guilt and penalty phases of trial, live in South Carolina.  *See* Doc. No. 2030-2, Philipsborn Decl. ¶ 5.  Defendant's parents live in Tennessee, and Defendant further asserts that several military and non-military witnesses can travel to Tennessee more easily than Hawaii.  *Id.* ¶ 6.  Finally, several of Defendant's expert witnesses and a few lay witnesses live in California.  *Id.* ¶ 7.  With that said, however, Defendant acknowledges that other witnesses are located throughout the United States and even overseas.[2]  *Id.* ¶¶ 10-11.

In considering these witness locations, the court recognizes the importance of Defendant being able to produce witnesses at trial:

> Very often the difference between liberty and imprisonment in cases where the direct evidence offered by the government and the defendant is evenly balanced depends upon the presence of character witnesses.  The defendant is more likely to obtain their presence in the district of his residence . . . .  The inconvenience, expense

---

[2] Defendant offered to provide, under seal, an annotated witness list.  *See* Doc. No. 2030-2, Philipsborn Decl. ¶ 18.  The court finds it unnecessary to review the list, instead construing the number and location of potential witnesses in the light most favorable to Defendant.

> and loss of time involved in transplanting these witnesses
> to testify in trials far removed from their homes are often
> too great to warrant their use.

*United States v. Johnson*, 323 U.S. 273, 279 (1944) (Murphy, J., concurring).

But it is clear that trial in *any* District will cause hardship to some witnesses -- wherever trial is held, witnesses will have to travel to provide testimony.  The court further rejects that a defendant is entitled to transfer venue based simply on where he asserts the most witnesses reside.[3]  *See also United States v. Quinn*, 401 F. Supp. 2d 80, 87 (D. D.C. 2005) (declining to "assign much weight to the residences of possible character witnesses for the accused (considering the ease with which the number of such witnesses can be inflated pre-trial)").  This is especially so where Defendant concedes that the potential number of witnesses exceeds 200, who are dispersed throughout Hawaii, the mainland, and overseas.  *See United States v. Farkas*, 2010 WL 3835110, at *3 (E.D. Va. Sept. 24, 2010) ("Generally, a naked allegation that witnesses will be inconvenienced by trial in a distant forum will not suffice for transfer.  Rather, a defendant must offer

---

[3] Defendant cites *United States v. Ferguson*, 432 F. Supp. 2d 559, 564-65 (E.D. Va. 2006), as supporting that the presence of nine or more witnesses in another district weighs in favor of transfer.  Doc. No. 2030-1, Mot. at 7.  *Ferguson* is distinguishable -- *Ferguson* transferred the trial from the Eastern District of Virginia to the District of Connecticut where three of the four defendants lived closer to Connecticut, most of witnesses lived in New York and Connecticut, and only seven of the seventy-eight overt acts alleged in the indictment involved the Eastern District of Virginia.

specific examples of witnesses' testimony and their inability to testify because of the location of the trial." (quotations and citations omitted)).

Accordingly, the court finds that this factor weighs at most only somewhat in favor of transfer to a District on the east coast.

### 3.    *Location of the Events Likely to Be at Issue*

As Defendant concedes, the majority of events at issue occurred in the District of Hawaii.  Although facts may be presented regarding the victim's life in South Carolina before moving to Hawaii as well as Defendant's pre-arrest life (to the extent directed to mitigation), this factor still weighs in favor of keeping the trial in the District of Hawaii.

### 4.    *Expenses to Be Incurred by the Parties If Transfer Is Denied*

The costs of prosecution are being paid by the Department of Justice, and the costs for the defense are being paid by the government as well.  Although there are additional expenses in this case given that Defendant is located in Hawaii and his main defense counsel is located in San Francisco, there is no way to get around the fact that witnesses and counsel (whether defendant's counsel and/or the government) will have to travel regardless of the venue.  *Cf. United States v. Robinson*, 2010 WL 3087446, at *6 (D. N. Mar. I. July 29, 2010) (weighing costs to taxpayer of trial).  Thus, this factor does not weigh in favor of transfer.  *See*

*Farkas*, 2010 WL 3835110, at *5 (determining that this factor does not weigh in favor of transfer where costs of defense are being paid by the government).

### 5.    *Location of Defense Counsel*

Defendant was initially represented by David Klein, who was based in Honolulu, and John Philipsborn, who is based in San Francisco.  When Mr. Klein withdrew, Mr. Burt, who is also based in San Francisco, was appointed as successor counsel, and Barry Williams was appointed as local counsel.  Thus, Defendant's two death-qualified counsel, Messrs. Philipsborn and Burt, are located in San Francisco, while Mr. Williams is present in this District.

This factor weighs slightly in favor of transfer to the Northern District of California (but does not support transfer to either South Carolina or Tennessee, Defendant's "preferred" venues).  Although both Messrs. Philipsborn and Burt were aware that this case would require travel to and from Hawaii (and have not previously sought transfer in the eight years this action has been pending in this District), Defendant would in any event require *some* counsel from the mainland that is death-qualified.  Tempering against transfer, however, is that the government's lead counsel, Steven Mellin, is based in Washington D.C., and his co-counsel AUSA Darren Ching, is based in Hawaii.  *See Testa*, 548 F.2d at 857 (explaining that the court must consider both the defendant's and the government's

8

inconvenience).  Thus, some counsel will require travel regardless of where the trial is held.

### 6.      *Relative Accessibility of the Place of Trial*

Defendant argues that this factor favors transfer because it is only accessible by airplane, which raises the costs of travel.  Hawaii is nonetheless *accessible* -- Honolulu is a major metropolitan city with direct flights from mainland cities throughout the United States.  Although other locations on the mainland may require less travel time for some witnesses, as explained above, some witnesses will need to travel long distances regardless of where trial is held.  This factor does not weigh in favor of transfer.

### 7.      *Any Other Special Circumstance That Might Bear on the Desirability of Transfer*

Finally, Defendant argues that transfer is warranted because he is a diabetic requiring treatment and monitoring by both health care professionals and his counsel.[4]  Contrary to Defendant's argument, everyone involved in this action

---

[4] Defendant further argues that the majority of the experts involved in this action are located on the mainland, and that his counsel needs to have regular access to him to ensure case preparation.  Doc. No. 2030-1, Mot. at 10-11.  The court has already considered these facts, however, in weighing the location of Defendant, his counsel, and witnesses.  As explained above, wherever the trial takes place, some witnesses and counsel will need to travel.  The court does not consider these considerations again here.

-- his counsel, the government, this court, and FDC Honolulu -- has worked together to ensure that Defendant receives appropriate care for his diabetes. Indeed, the parties discussed this precise issue at an April 30, 2013 status conference before Magistrate Judge Chang, and Mr. Philipsborn explained that his concern was not with Defendant's care at FDC Honolulu, but rather with managing Defendant's diabetes at court. *See* Doc. No. 2055-1, at 14-15. Defendant's diabetes will be an issue regardless of where the trial is located (and given his counsel's location, does not support transfer in any event to either South Carolina or Tennessee). Given that this courthouse staff is well aware of the issue, it is in the best position to address it. As a result, the court finds no special circumstances support transfer of venue.

### 8.   *Weighing the Factors*

Based upon careful consideration of all the factors, the court finds that the location of witnesses and the location of defense counsel do not outweigh the other factors against transfer. Wherever trial is held, it will be inconvenient to many witnesses and counsel. Further, Defendant argues no new facts that explains why he waited until the eve of trial to bring this motion. A transfer to another district would almost certainly delay trial, which is an untenable result given that Defendant could have raised this issue earlier and trial has been so long in coming.

Thus, given all these considerations, Defendant has failed to establish that "all relevant things considered, the case would be better off transferred to another district." *In re United States*, 273 F.3d at 389.

### III.  CONCLUSION

Based on the above, the court DENIES Defendant's Motion for Transfer of Trial Based on Convenience of the Parties, Convenience to the Witnesses, and in the Interest of Justice (FRCP 21(b)), Doc. No. 2030.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 22, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Williams*, Cr. No. 06-00079 JMS/KSC, Order Denying Defendant's Motion for Transfer of Trial Based on Convenience of the Parties, Convenience to the Witnesses, and in the Interest of Justice (FRCP 21(b)), Doc. No. 2030

11