IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00079 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR ADDITIONAL |
| vs. | ) | PEREMPTORY CHALLENGES |
| | ) | |
| NAEEM J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER DENYING DEFENDANT'S MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

## I. INTRODUCTION

On January 23, 2014, Defendant Naeem Williams ("Defendant") filed a Trial Memorandum Regarding Additional Peremptory Challenges, in which he argues that he is entitled to eight additional peremptory challenges. Doc. No. 2311. In light of the parties' earlier filings on this issue and in the interest of justice, the court construes Defendant's Trial Memorandum as a Motion for Additional Peremptory Challenges ("Motion"). The United States of America (the "Government") filed an Opposition on January 28, 2014.[1] Doc. No. 2328.

---

[1] On January 21, 2014, Defendant filed a Motion to File a Motion for Additional Peremptory Challenges and Supporting Memorandum, Doc. No. 2290. On January 21, 2014, the court issued an Order Requiring Government to Respond to the Defense Motion to File a Motion for Additional Peremptory Challenges and Supporting Memorandum, Doc. No. 2296. The Government filed its Objection on January 22, 2014. Doc. No. 2302. On January 23, 2014, the

(continued...)

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

For the reasons set forth below, the Motion is DENIED.

## II. DISCUSSION

Federal Rule of Criminal Procedure 24(b) ("Rule 24") authorizes twenty peremptory challenges to each side in a federal capital case. Fed. R. Crim. P. 24(b)(1). Non-capital felony defendants receive ten peremptory challenges to the Government's six. Fed. R. Crim. P. 24(b)(2). The rule further provides that the "court may allow additional peremptory challenges to multiple defendants." Fed. R. Crim. P. 24(b).

Defendant takes issue with the Rule's provision of a less favorable ratio of peremptory challenges vis-a-vis the Government for capital defendants than for non-capital felony defendants. Defendant contends that by offering non-capital felony defendants more peremptory challenges than the Government, but providing the same number to both sides in a capital case, Rule 24 violates his constitutional rights to equal protection, due process, and trial by an impartial jury.

---

[1](...continued)
court denied Defendant's Motion without prejudice as premature. Doc. No. 2305, Entering Order. The court stated that it was "not foreclosing the filing of such a motion as jury selection proceeds" and confirmed that "counsel is certainly permitted at any time (without court permission) to file a 'Trial Memorandum Regarding Additional Peremptory Challenges' setting forth pertinent legal principles." *Id.* The next day, Defendant filed the instant Trial Memorandum. Doc. No. 2311.

Doc. No. 2311, Def.'s Mot. at 2. Defendant further contends that the court has discretion to award additional peremptory challenges to ensure a fair trial. *Id.* at 6-8.

Defendant seeks a ruling from this court "acknowledg[ing] its [discretionary] authority to grant additional peremptory challenges when and if the need arises," and an order granting "his request for eight additional peremptory challenges under [] constitutional principles" "at the appropriate time." *Id.* at 8-9. The court will set forth the legal framework for peremptory challenges and then turn to Defendant's arguments.

**A.     Legal Framework for Peremptory Challenges**

Peremptory challenges "allow parties to exclude a given number of persons who otherwise would satisfy the requirements for [jury] service." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991). They are "part of our common law heritage" and have long been used "to secure [the] constitutional guarantee of trial by an impartial jury." *United States v. Martinez-Salazar*, 528 U.S. 304, 311, 316 (2000); *see also Swain v. Alabama*, 380 U.S. 202, 219 (1965) (noting that the function of peremptory challenges "is not only to eliminate extremes of partiality on both sides, but to assure the parties that the jurors before

whom they try the case will decide on the basis of the evidence placed before them, and not otherwise").

However, the Supreme Court has also consistently "recognized . . . that such challenges are auxiliary" to a defendant's right to trial by an impartial jury. *Martinez-Salazar*, 528 U.S. at 311. In other words, peremptory challenges themselves "are not of constitutional dimension," rather, they are just one "means to achieve the end of an impartial jury." *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) (internal citations and quotation marks omitted); *see also Rivera v. Illinois*, 556 U.S. 148, 157 (2009) ("[T]here is no freestanding constitutional right to peremptory challenges."); *Stilson v. United States*, 250 U.S. 583, 586 (1919) ("There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured.").

Because the right to peremptory challenges is a statutory creation, "it is for the [legislature] to determine the number . . . and to define their purpose and the manner of their exercise." *Ross*, 487 U.S. at 89; *see also Frazier v. United States*, 335 U.S. 497, 506 n.11 (1948) ("The right is in the nature of a statutory privilege, variable in the number of challenges allowed.") (citation omitted);

4

*Stilson*, 250 U.S. at 586 ("The number of challenges is left to be regulated by the common law or the enactments of Congress.").

With this framework, the court now addresses Defendant's arguments that Rule 24 violates his constitutional rights, and that this court has discretion to grant additional peremptory challenges.

**B.     Constitutional Challenges to Rule 24**

*1.     Equal Protection*

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). If the statute at issue affects a "suspect class" or "burdens the exercise of a constitutional right, then courts must apply [a] strict scrutiny" analysis. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). However, if the statute "does not involve a suspect . . . classification" or constitutional right, "then rational basis review applies, in which a court must ask whether the statute is rationally-related to a legitimate governmental interest." *Id.* (internal quotation marks and citation omitted).

Defendant contends that Rule 24's different provisions for capital and non-capital felony defendants constitute an "arbitrary diminution of peremptory challenges," and therefore, the court must apply a strict scrutiny analysis to an

evaluation of his equal protection argument. Defendant is mistaken -- capital defendants are not a "suspect class."[2] *See Green v. Johnson*, 160 F.3d 1029, 1044 (1st Cir. 1998); *United States v. Tuck Chong*, 123 F. Supp. 2d 559, 562 (D. Haw. 1999); *see also United States v. Johnson*, 495 F.3d 951, 963 (8th Cir. 2007) (determining that rational basis review applied to equal protection analysis of Rule 24); *United States v. Capua*, 656 F.2d 1033, 1038 (5th Cir. 1981) (explaining that provisions "fixing the number of peremptory challenges" are "not [an] inherent component[] of the right to a trial by a fair and impartial jury"). Therefore, the court applies a rational basis review to Rule 24's provision of different numbers and ratios of peremptory challenges to capital defendants and non-capital felony defendants.

In *Johnson*, the Eighth Circuit addressed this very issue and determined that a rational basis exists for Rule 24's different provisions of peremptory challenges to capital and non-capital felony defendants:

> The legislature is not required to calculate with precision the exact number of challenges necessary to help secure the defendant's right to a fair trial. Nor is the legislature required to arrive at a perfect defendant-to-government ratio. . . . [I]n a capital case, the venire panel's views on the death penalty become the primary pivot around which jury selection turns. The government and the defense arguably have an equal interest in exploring the jurors'

---

[2] And, as set forth above, there is no constitutional right to peremptory challenges.

attitudes.  Rule 24(b) may not be "perfectly calibrated," perhaps, but it passes rational-basis muster.

*See also United States v. Williams*, 2013 WL 1563708, at *1 (M.D. Pa. Apr. 12, 2013) (agreeing with *Johnson's* reasoning and determining that Rule 24(b) satisfied rational basis review); *accord Tuck Chong*, 123 F. Supp. 2d at 563 (finding that rational basis exists for Rule 24 distinctions).

Defendant urges the court to reject *Johnson's* reasoning, arguing that *Johnson* failed to consider that jury selection in a capital case extends beyond prospective jurors' views concerning the death penalty, but also takes into account the effect of pretrial publicity and prospective jurors' views on the presumption of innocence and the right to remain silent.

Defendant's argument is neither legally sound nor persuasive. Prospective juror views concerning the death penalty are unique to capital cases and of crucial importance to both sides in selecting a fair and impartial jury. *See Tuck Chong*, 123 F. Supp. 2d at 563 (finding that in capital cases "it is necessary to draw a jury that is impartial not only to the particular defendant, but also can impartially weigh the evidence in determining whether a sentence of death is appropriate").  The court must inquire to ensure that jurors are *both* death qualified and life qualified.

Nor can Defendant establish that concerns over the effect of pretrial publicity[3] and prospective juror's views on the presumption of innocence and the right to remain silent are of less importance to the Government in selecting a fair and impartial jury in a complex capital case. *See United States v. Mitchell*, 502 F.3d 931, 954 (9th Cir. 2007) (explaining, in appeal of a capital conviction, that the government has a "compelling interest" in determining "whether a juror is able to follow the law and apply the facts in an impartial way") (citing *Wainwright v. Witt*, 469 U.S. 412, 420-26 (1985)).

Finally, Defendant's argument that Rule 24's provision of an equal number of peremptory challenges to both sides in a capital case constitutes an "arbitrary diminution of peremptory challenges" is not persuasive. To the contrary, by greatly increasing the number of peremptory challenges available to capital defendants, Rule 24 is hardly a diminution of peremptory challenges. And by providing an equal number to both sides, Rule 24 effectuates the legitimate government purpose of seating a jury that can impartially consider evidence in both the guilt and penalty phases of a capital case.

---

[3] In fact, this case has generated minimal pretrial publicity.

The court concurs with *Johnson* and concludes that Rule 24 satisfies rational basis review. Accordingly, this court finds that Rule 24 does not violate Defendant's constitutional right to equal protection.

### 2. *Due Process*

A defendant's constitutional right to due process is violated where a procedural deprivation is "of sufficient significance that it denies the defendant the right to a fair trial." *United States v. Barnette*, 211 F.3d 803, 818 (2000) (citing *Greer v. Miller*, 483 U.S. 756, 765 (1987)); *see also Rivera*, 556 U.S. at 162 (determining that state court's good faith error in denying capital defendant's peremptory challenge to prospective juror did not deprive defendant of his right to a fair trial before an impartial jury and therefore, did not violate defendant's right to due process). With respect to peremptory challenges, the Supreme Court has held that as long as a defendant receives all of the peremptory challenges that Rule 24(b) provides and receives a fair trial, there is no due process violation. *Martinez-Salazar*, 528 U.S. at 317; *cf. Ross*, 487 U.S. at 90-91 (determining there was no federal constitutional due process violation where state criminal defendant received all peremptory challenges authorized by state statute and was tried before an impartial jury).

Defendant contends that by providing a less favorable ratio of peremptory challenges to capital defendants, Rule 24 violates his due process right to more procedural protection than that provided to non-capital defendants. Again, Defendant is mistaken. As set forth above, provided the jury chosen is impartial and Defendant receives all that Rule 24 provides, he cannot establish a due process violation. Defendant does not assert that application of Rule 24 will necessarily prevent the seating of an impartial jury. Absent proof of such an assertion, Defendant cannot "tenably assert any violation of his . . . right to due process." *Martinez-Salazar*, 528 U.S. at 317. Accordingly, the court finds that Rule 24 does not violate Defendant's right to due process.

> 3.  *Sixth Amendment Right to a Fair Trial*

Finally, Defendant contends that the court has discretion to grant additional peremptory challenges in order to secure a fair trial and seeks the court's acknowledgment of such discretion.

Rule 24 clearly provides authority to grant additional peremptory challenges to multiple defendants, but is silent with regard to trials of single defendants. *See* Fed. R. Crim. P. 24. Nevertheless, courts have granted additional peremptory challenges to single defendants in rare instances where the nature and extent of pretrial publicity undermined the court's ability to seat a fair and

impartial jury. *See United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001) (affirming district court's grant of additional peremptory challenges to each side to counter problems presented by pretrial publicity); *United States v. Moussaoui*, 2002 WL 1987955, at *1  (E.D. Va. Aug. 16, 2002) (granting additional peremptory challenges to both sides in order to ensure a fair trial in light of complexity and notoriety of case against defendant charged with conspiracy to commit acts of terrorism transcending national boundaries in connection with the events of September 11, 2001).  Thus, the court recognizes that it has discretion to permit a defendant in excess of twenty peremptory challenges.

But in this case, other than a mere conclusory remark that "additional peremptory challenges are necessary because of extensive pretrial publicity and for other just reasons," Defendant has failed to show that he is unlikely to be tried before a fair and impartial jury.  As stated above, this case generated little pretrial publicity and it has not been an issue of concern after fourteen days of jury selection.  And Defendant raised no other specific reason why he would not receive a fair trial before an impartial jury absent additional peremptory challenges.  Accordingly, the court (1) denies Defendant's request for additional peremptory challenges on the basis of pretrial publicity; and (2) declines to address whether

other purely speculative conditions might give rise to additional peremptory challenges.

## III. CONCLUSION

Based on the foregoing, Defendant's Motion for Additional Peremptory Challenges is DENIED at this time.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 21, 2014.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Williams*, Cr. No. 06-00079 JMS-KSC, Order Denying Defendant's Motion for Additional Peremptory Challenges