IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 06-00079 JMS-KSC |
| ) | |
| Plaintiff, ) | ORDER REGARDING "MALICE |
| ) | AFORETHOUGHT" IN COUNTS ONE |
| vs. ) | AND TWO OF THE SECOND |
| ) | SUPERCEDING INDICTMENT |
| NAEEM J. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER REGARDING "MALICE AFORETHOUGHT" IN COUNTS ONE AND TWO OF THE SECOND SUPERCEDING INDICTMENT**

**I.  INTRODUCTION**

In this capital felony-murder case, Defendant Naeem J. Williams ("Defendant") seeks a ruling prior to opening statements that "malice aforethought" is a necessary element of the felony murder Counts (Counts One and Two) of the Second Superseding Indictment ("Indictment").  The court disagrees based on Ninth Circuit precedent directly on point.  *See United States v. Miguel*, 338 F.3d 995, 1004-05 (9th Cir. 2003); *United States v. Chischilly*, 30 F.3d 1144, 1159-60 (9th Cir. 1994).

///

///

## II. **DISCUSSION**

The Indictment charges Defendant with two capital-eligible Counts arising out of his role in allegedly beating and killing his five-year-old daughter. Specifically, Count One charges Defendant with first degree felony murder, in violation of 18 U.S.C. §§ 7 & 1111, as follows:

> On or about July 16, 2005 . . . the defendant NAEEM J. WILLIAMS, with malice aforethought, did unlawfully kill Talia Williams, a "child," in the perpetration of "child abuse," as those terms are defined by Title 18 United States Code, Section 1111(c).
> All in violation of Title 18, United States Code, sections 7(3) and 1111(a) & (b).

Doc. No. 1004, Indictment at 2. Count Two charges Defendant with first degree felony murder, and aiding and abetting first degree felony murder, in violation of 18 U.S.C. §§ 7 & 1111, as follows:

> From beginning on a date unknown to the Grand Jury, but at some time after December 13, 2004, and culminating in the death of Talia Williams on July 16, 2005 . . . the defendant NAEEM J. WILLIAMS and Delilah Williams (who is not a defendant in this Second Superceding Indictment) with malice aforethought, did unlawfully kill, and did aid and abet each other in the killing of Talia Williams, a "child," in the perpetration of part of a "pattern and practice of assault and torture" against a "child," as those terms are defined by Title 18, United States Code, Section 1111(c).
> All in violation of Title 18, United States Code, Sections 2, 7(3) and 1111(a) & (b).

*Id.* at 3.

> In this regard, 18 U.S.C. § 1111 provides, in part:
>
> (a) *Murder is the unlawful killing of a human being with malice aforethought.* Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; *or* committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, *child abuse*, burglary, or robbery; *or perpetrated as part of a pattern or practice of assault or torture against a child* or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, *is murder in the first degree*.
> Any other murder is murder in the second degree.

18 U.S.C. § 1111(a) (emphases added).

Defendant contends that "malice aforethought" is a necessary element as to both Counts One and Two, and that the court is required to instruct the jury as such, *i.e.*, specifically define "malice aforethought" as a stand-alone element of Counts One and Two. Defendant argues that the "plain meaning" of § 1111(a) unambiguously defines "murder" as a killing with "malice aforethought," and that § 1111(a) includes that definition as an element of *both* first and second degree murder. Defendant thus contends that "malice aforethought" is an element of both of the first degree murder Counts alleged in the Indictment. The court, however,

concludes that it need not define "malice aforethought" for the jury as a stand-alone element.

*Chischilly* addressed this exact question in deciding that second degree murder is not a lesser-included offense of first degree felony murder under § 1111, reasoning as follows:

> Chischilly's contention [that the court should have given an involuntary manslaughter instruction] is uncompelling because, while manslaughter is a lesser included offense of second degree murder, neither involuntary manslaughter nor second degree murder is a lesser included offense of first degree *felony* murder, the only homicide offense with which the defendant was charged. Under *Schmuck v. United States*, one offense is necessarily included within another only when the elements of the lesser offense form a subset of the elements of the offense charged. 489 U.S. 705, 709 (1989). *Unlike second degree murder, conviction for felony murder under 18 U.S.C. § 1111 requires the commission of an enumerated felony with the requisite mens rea for the underlying offense. Obversely, second degree murder requires proof that defendant acted with malice aforethought, whereas under a felony murder charge the commission of the underlying offense substitutes for malice aforethought.* Therefore, the elements of second degree murder are not a subset of the elements of first-degree felony murder, for "each offense requires proof of an element that the other does not."

30 F.3d at 1159-60 (second emphasis added) (internal citations omitted). And *Miguel* later reiterated this principle, explaining that:

> In *Chischilly*, the Government prosecuted the defendant for felony murder. As a matter of *discretion*, the district court instructed the jury on second-degree murder, but it refused to instruct on involuntary manslaughter. The Chischilly court stated that "neither involuntary manslaughter nor second degree murder is a lesser included offense of *felony* murder." One element of felony murder under § 1111 is "the commission of an enumerated felony with the requisite mens rea for the underlying" felony. Second-degree murder includes an element that felony murder does not include: "proof that the defendant acted with malice aforethought."

338 F.3d at 1005 (quoting *Chischilly*, 30 F.3d at 1159-60).

Other courts agree. Although "[u]nder a literal reading of [§ 1111], 'malice aforethought' is an element of every type of murder," *United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000), "the meaning of 'malice aforethought' differs with respect to each kind of murder." *Id.* It is thus well-established that for first-degree *felony* murder, this malice aforethought requirement is proven by commission of the specified felony itself. *See, e.g.*, *United States v. Pearson*, 159 F.3d 480, 485 (10th Cir. 1998) ("[T]o prove the 'malice aforethought' element of felony murder, the prosecution only need show commission of the specified felony[.]"); *United States v. Tham*, 118 F.3d 1501, 1508 (11th Cir. 1997) ("That the killing resulted from commission of an enumerated felony suffices to establish the requisite malice aforethought [in § 1111(a)]."); *United States v. Flores*, 63 F.3d 1342, 1371 (5th Cir. 1995) ("[T]o be

guilty of first degree murder, the defendant need only have intended to commit the underlying felony. No other mens rea is required."); *United States v. Thomas*, 34 F.3d 44, 49 (2d Cir. 1994) (similar); *United States v. Garcia-Ortiz*, 528 F.3d 74, 80-81 (1st Cir. 2008) (similar).

> Stated slightly differently,
>
> All murders under the federal general murder statute require a finding of malice aforethought on the part of the perpetrator. The felony murder rule simply provides that "the underlying felony, even though it may not be 'premeditation,' is legally sufficient to transform [an] unpremeditated murder into first degree murder." Thus, to prove the "malice aforethought" element of felony murder, the prosecution only need show commission of the specified felony."

*United States v. Bennett*, --- F. Supp. 2d ----, 2013 WL 6272771, at *7 (E.D. Mich. Dec. 4, 2013) (quoting *Pearson*, 159 F.3d at 85) (other citation omitted).

Defendant argues at length that cases have specifically recognized that "malice aforethought" is required under § 1111(a). *See, e.g.*, *Beardslee v. United States*, 387 F.2d 280, 289 (8th Cir. 1967) ("Clearly, under the first sentence of § 1111(a), malice aforethought is a necessary factor in the federal crime of murder.") (Blackmun, J.); *United States v. Lilly*, 512 F.2d 1259, 1261 n.4 (9th Cir. 1975) ("We note in passing that under § 1111 all murder, including second-degree murder and felony murder, requires 'malice aforethought.'"); *Ornelas v. United*

*States*, 236 F.2d 392, 394 (9th Cir. 1956) ("The first sentence of [§ 1111(a)], 'Murder is the unlawful killing of a human being with malice aforethought' is as much applicable to second degree murder as first degree murder."). Even so, however, "the malice aforethought required for second-degree murder is different in kind, as opposed to degree, than the malice required for felony murder." *Miguel*, 338 F.3d at 1005 n.43 (quoting *Chanthadara*, 230 F.3d at 1258).

Courts explain that the phrase "malice aforethought" has different meanings. "The legal meaning of the phrase, 'does not even approximate its literal meaning.'" *United States v. Pineda-Doval*, 614 F.3d 1019, 1037-38 (9th Cir. 2010) (citing 2 LaFave, *Substantive Criminal Law* § 14.1, at 416 (2d ed. 2003)). After reviewing the gradually expanding meaning of the phrase at common law, *Pineda-Doval* explained that "[i]n modern criminal law, malice aforethought covers four different kinds of mental states: (1) intent to kill; (2) intent to do serious bodily injury; (3) depraved heart (*i.e.*, reckless indifference); and (4) intent to commit a felony." *Id.* at 1038. *See also Pearson*, 159 F.3d at 485 ("[A]t common law, 'malice aforethought' is a term of art which has several definitions, including, in the felony murder context, proof of commission of the specified felony.") (citing Wayne R. Lafave & Austin W. Scott, Jr., *Criminal Law* §§ 7.5(e)-(h) (2d ed. 1986)). In *Schad v. Arizona*, the Supreme Court recognized this same concept:

7

> At common law, murder was defined as the unlawful killing of another human being with "malice aforethought." The intent to kill and the intent to commit a felony were alternative aspects of the single concept of "malice aforethought." . . . [S]tatutes have in most cases retained premeditated murder and some form of felony murder . . . as alternative means of satisfying the mental state that first degree murder presupposes.

501 U.S. 624, 640-41 (1991). And so, with felony murder under § 1111(a), the "malice aforethought" requirement is satisfied by proving the predicate felony or felonies. *See Chischilly*, 30 F.3d at 1160 ("[U]nder a felony murder charge the commission of the underlying offense substitutes for malice aforethought.").

### III.  CONCLUSION

The Ninth Circuit has spoken. A legion of caselaw establishes that the "malice aforethought" requirement in this § 1111 felony murder case will be met if the prosecution can establish the predicate felonies (*i.e.*, child abuse; pattern and practice of assault and torture). In sum, the court agrees with Defendant that "malice aforethought" is required, but disagrees that it must instruct the jury specifically that it is an element of felony murder. It will be enough to properly define for the jury the elements of the underlying predicate felonies. Defendant's

///

///

///

request for a ruling at this stage of trial that "malice aforethought" is a necessary element of the two felony murder Counts in the Indictment is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 6, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Williams*, Cr. No. 06-00079 JMS-KSC, Order Regarding "Malice Aforethought" in Counts One and Two of the Second Superceding Indictment