IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00079 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART GOVERNMENT'S |
| vs. | ) | MOTION IN LIMINE TO PRECLUDE |
| | ) | CERTAIN MITIGATING FACTORS |
| NAEEM J. WILLIAMS, | ) | AND TO COMBINE CERTAIN |
| | ) | MITIGATING FACTORS, DOC. NO. |
| Defendant. | ) | 2683 |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE CERTAIN MITIGATING FACTORS AND TO COMBINE CERTAIN MITIGATING FACTORS, DOC. NO. 2683

## I.  INTRODUCTION

On May 15, 2014, the government filed a Motion in Limine seeking to preclude certain mitigating factors and to combine certain mitigating factors proposed by Defendant.  *See* Doc. No. 2683; *see also* Doc. No. 2658 (Defendant's proposed jury instructions listing 150 proposed mitigating factors).  Defendant filed an Opposition on May 17, 2014, Doc. No. 2695, and the court has already discussed with the parties several issues raised in the Motion.  Based on the

following, the court GRANTS in part and DENIES in part the government's

Motion as to the following categories of proposed mitigating factors.[1]

## II. ANALYSIS

### A. The State of Hawaii's Abolishment of the Death Penalty and the Rarity of Death Penalty Verdicts in Federal Cases

The government argues that Defendant should be precluded from

presenting evidence that the State of Hawaii has abolished the death penalty and

that death penalty verdicts are rarely found in federal cases, as such facts are

irrelevant to mitigation. *See* Doc. No. 2683, Gov't Mot. at 6 (objecting to

Defendant's proposed mitigating factors 117-119). The court agrees.

In particular, the court joins those courts finding that such factors are

irrelevant "to a reasoned moral response to [the defendant's] background,

character, and crime," and is therefore improper mitigation evidence. *United*

*States v. Gabrion*, 719 F.3d 511, 523 (6th Cir. 2013) (en banc), *cert. denied*, 134 S.

Ct. 1934 (U.S. Apr. 28, 2014); *see also United States v. Higgs*, 353 F.3d 281, 328

---

[1] By separate Order, the court granted the government' request to preclude Defendant's mitigating factors directed to the U.S. Army's notice of Talia Williams' abuse. *See* Doc. No. 2745. The court also does not address the government's objections to (1) Defendant's mitigating factor 108 directed to Defendant's likelihood of posing a danger to staff or inmates in the future, as the parties may have reached consensus on this issue, and (2) Defendant's mitigating factors directed to mercy, as the parties have stipulated to admission of factor 116 and deletion of factor 149. Finally, the government's request to combine allegedly cumulative and/or redundant mitigating factors will be the subject of further discussions between the court and the parties.

(4th Cir. 2003) (affirming rejection of proposed mitigation factor because "[a]n assertion that the death penalty is improper in one jurisdiction because it is not allowed in another is, at bottom, a reflection of the debate surrounding the propriety of the death penalty, which is a matter of policy for the legislative branch"). Indeed, to have the jury consider that Hawaii has abolished the death penalty invites jury nullification of federal law. *See United States v. McCluskey*, Crim. No. 1:10-cr-02734 JCH (D.N.M. June 26, 2013), Doc. No. 1060 at 22 (citing *United States v. Gabrion*, 648 F.3d 307, 363 (6th Cir. 2011) (C.J. Batchelder, concurring in part and dissenting part), *on reh'g en banc*, 719 F.3d 511 (6th Cir. 2013)).

        In opposition, Defendant argues that "the location of the crime in a non-death penalty state and the infrequency with which such crimes are punished with a death sentence are 'circumstances of his crime.'" Doc. No. 2695, Def.'s Opp'n at 14. The court disagrees -- Defendant's offense at issue is child abuse murder and murder in the perpetration of a pattern and practice of assault and torture against a child, and general facts about Hawaii's abolishment of the death penalty and/or the rarity of death penalty verdicts in federal cases are outside the scope of this offense.

The court therefore GRANTS the government's Motion to the extent to seeks to preclude Defendant's proffered mitigating factors numbered 117-119.

## B.     Offers to Plead Guilty and Accept a Life Sentence

The government argues that Defendant should be precluded from presenting as mitigating factors that he offered to plead guilty and accept a life sentence. *See* Doc. No. 2683, Gov't Mot. at 6 (objecting to Defendant's mitigating factors 120 and 135-136). In support of this proposition, the government relies on *Owens v. Guida*, 549 F.3d 399 (6th Cir. 2008), which held that a Tennessee state court did not violate the petitioner's rights when it refused to admit as mitigating evidence the defendant's acceptance of the government's offer to plead to a life sentence, where the offer was conditioned on the co-defendant's acceptance of the same offer and the co-defendant refused the offer. *Id.* at 419-20. *Owens* explained that because the offer to plead was not unconditional, the evidence was not relevant to the defendant's character trait of "acceptance of responsibility" -- the defendant "was less interested in accepting responsibility and more interested in avoiding the electric chair, a motivation that is much less persuasive as a mitigating factor." *Id.* at 420.

Other courts, however, have taken a less restrictive view. For example, *United States v. Fell*, 372 F. Supp. 2d 773 (D. Vt. 2005), permitted the

defendant to introduce a stipulation that he had offered to plead guilty in exchange for a sentence of life imprisonment without parole, explaining that this fact was "relevant to the mitigating factor of acceptance of responsibility." *Id*. at 783. *Fell* excluded, however, the draft plea agreement and statements made during plea negotiations as irrelevant, reasoning that "a prosecutor's statements of personal belief regarding [aggravating and mitigation] factors should have no bearing on the jury's independent evaluation of the evidence." *Id.* On a plain error review, the Second Circuit affirmed the inadmissibility of the plea agreement and the prosecutor's statements. *United States v. Fell*, 531 F.3d 197, 219-20 (2d Cir. 2008); *see also Johnson v. United States*, 860 F. Supp. 2d 663, 903 (N.D. Iowa 2012) ("Where the offer to plead guilty comes from the defendant, it may or may not be illuminating of the circumstances of the offense or the defendant's prior record, but it does have some bearing on the defendant's character and, more specifically, on the defendant's acceptance of responsibility for the charged offense.").

   The court follows these latter cases. That Defendant offered a conditional guilty plea may show some degree of acceptance of responsibility, and it is ultimately up to the jury -- not this court -- to determine how such fact should be weighed in determining Defendant's sentence. The court therefore DENIES the

government's Motion to the extent to seeks to preclude Defendant's proffered mitigating factors numbered 120 and 135-136.[2]

## C. Statutory Aggravating Factors Not Charged in this Case

The government argues that Defendant should not be permitted to submit as mitigating factors that his offense conduct or prior criminal history do not satisfy several statutory aggravating factors not charged in this case. *See* Doc. No. 2683, Gov't Mot. at 7 (objecting to Defendant's mitigating factors 122-132).[3] The court agrees that Defendant's failure to engage in other aggravating behavior is not a mitigating factor -- the absence of an aggravating factor simply means that an aggravating factor does not exist, and its absence, on its own, does not provide any information as to Defendant's background, character, record of circumstance of the offense in this action.

The court therefore GRANTS the government's Motion to the extent it seeks to preclude Defendant from presenting mitigating factors 122-132.

---

[2] The court's determination that the subject matter of any proffered mitigating factors are permissible does not preclude arguments as to whether they are redundant and/or cumulative as written.

[3] Although the government initially objected to Defendant's proposed mitigating factors 31 and 77 directed to Defendant's lack of intent in killing Talia Williams, at a May 23, 2014 hearing the government agreed that these were proper mitigating factors (although whether these two proposed factors are cumulative is subject to further discussion).

## D.    Severity of Penalty

The government argues that Defendant should be precluded from asserting as mitigating factors that the death penalty is final, and that a punishment of life imprisonment without the possibility of release is severe.  *See* Doc. No. 2683, Gov't Mot. at 7 (objecting to factors 113-115).  The court agrees -- these factors have nothing to do with Defendant's background, character, record of circumstance of the offense in this action.  *See United States v. Johnson*, 223 F.3d 665, 675 (7th Cir. 2000) ("A mitigating factor is a factor arguing against sentencing *this* defendant to death; it is not an argument against the death penalty in general.") (citing *Penry v. Lynaugh*, 492 U.S. 302, 328 (1989); *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982); and *Lockett v. Ohio*, 438 U.S. 586, 604 n.12 (1978) (plurality opinion)); *see also* 18 U.S.C. § 3592(a) (reciting mitigating factors specific to the defendant only).

The court therefore GRANTS the government's Motion to the extent it seeks to preclude Defendant from presenting mitigating factors 113-115.

## E.    Courtroom Behavior

The government argues that Defendant should be precluded from asserting that his courtroom conduct of being respectful is a mitigation factor.  *See* Doc. No. 2683, Gov't Mot. at 10 (objecting to factor 97).  The court DENIES the

government's request -- this factor is arguably directed to Defendant's character, and is therefore admissible.

**F.      Delilah Williams as an Equally Culpable Defendant**

Although not tied to any particular mitigating factor, the government argues that Defendant should not be able to argue that Delilah Williams is an equally culpable defendant who received a lesser sentence given that the jury found Defendant guilty of Count 1.  *See* Doc. No. 2683, Gov't Mot. at 12. The court rejects this argument -- Delilah Williams pled guilty to the capital murder of Talia Williams such that Defendant may make this argument to the jury.

///

///

///

///

///

///

///

///

///

///

# III. CONCLUSION

Based on the above, the court GRANTS in part and DENIES in part the government's Motion in Limine to Preclude Certain Mitigating Factors and to Combine Certain Mitigating Factors, Doc. No. 2683.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 30, 2014.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Williams*, Cr. No. 06-00079 JMS/KSC, Order Granting in Part and Denying in Part Government's Motion in Limine to Preclude Certain Mitigating Factors and to Combine Certain Mitigating Factors, Doc. No. 2683

9